Hurlbut, J.
This is an action in the nature of ejectment, under § 265, Mills’ Annotated Code, and is similar in its main features to a number of other cases decided at this term of the court, in each of ■which the same company appears as appellant, each case involving the question of the validity of tax titles to land located in Washington county. Complaint is in usual form, and the answer, after putting in issue the allegations of the complaint, purports to plead title in defendant by virtue of the payment for seven successive years of all taxes assessed upon the land under claim and color of title in good faith, the land being vacant and unoccupied, basing this plea on § 4090, revised statutes. There are two assignments of error relied upon in this case, either of which *607 would-be decisive of this appeal, to wit, assignments number four and five. Number four challenges the ruling of the trial court in excluding' from evidence exhibit four, a tax deed dated April 30, 1908, purporting to convey the property in issue to appellant, by the county of Washington. When appellant (defendant below) offered this deed in evidence it was objected to upon the ground that the deed was void on its face and did not show that the sale was continued from day to day until bid in by the county. In examining that exhibit we extract the following:
“Whereas the treasurer of said county did, by virtue of authority vested in him by law, at a tax sale, the tax sale publicly held on the 19th day of October, A. 13. 1897, severally expose to public sale, at the office of the county treasurer, in the county aforesaid, in substantial conformity with the requirements of the statute. * * *
“Whereas no bid was made or offered by any person at said sale for any of the lands * * * and particularly for the said above described real property or any part of it, and said treasurer having-passed said real property over for the time, did re-offer it until the last day of the sale he became satisfied that no more sales of said real property, and particularly the real property herein specifically described, so offered, could be effected at such sale. Thereupon said treasurer did bid off at said sale for and in the name of said county of Washington the lands, ’ ’ etc.
It will be noticed here that only one date is mentioned in the deed upon which the property was offered for public sale, namely October 19th, and that the county purchased it that day. It is clearly pro *608 vided by § 3888, Mills’ Annotated Statutes, that on the day designated in the notice of sale the treasurer shall commence the sale of lands, and shall continue the same from day to day, Sundays excepted, until each parcel has been sold, and that if there be no bid for any tract offered the treasurer shall pass it over for the time and re-offer it at the beginning of the sale next day until all the tracts are sold or until the treasurer shall become satisfied that no more sales can be effected,'in which case it shall become his duty to bid off for the county the land remaining unsold. It will be seen from this that no legal sale of lands to the county can take place on the first day of the sale or on the first day it is offered for sale. This exhibit affirmatively showing that the county bought the land on the first day it was offered for sale, shows a violation of the provisions of the statute just mentioned. There was no error in the court excluding the deed from evidence. This question has been settled time and again by our appellate courts. Charlton v. Kelly, 7 C. A. (Colo.) 301; Charlton v. Kelly, 24 Colo. 373; Tunnel Co. v. Gregory, 38 Colo. 212; Bryant v. Miller, 48 Colo. 192; The Empire Ranch & Cattle Co. v. Lardner Howell, Colo. C. A., June 10, 1912.
The next assignment, number five, questions the ruling of the ■ trial court in admitting in evidence, over defendant’s objection, certified copy of the complaint, summons and affidavit for publication in cases numbered 607 and 562, county court of Washington county, wherein, in the former, appellant was plaintiff and appellee et al were defendants, and in the latter appellant was plaintiff and appellee was defendant. The two decrees in these cases were ad *609 mitted in evidence without objection. In rebuttal plaintiff offered the affidavits for publication and other documents mentioned. The two decrees were based upon constructive service. If the affidavits for publication, as they appear in evidence, fail to state those facts required by the statute, the orders of publication issued thereon are of no force or effect. § 41, Mills’ Annotated Code, contains among other things this provision:
“Service by publication shall be allowed only after summons issued and return thereon made that the defendant after diligent search cannot be found. * * *
“After return is made as aforesaid * * * the plaintiff, or one of the plaintiffs, may file in the office of the proper clerk an affidavit stating that the defendant resides out of the state or has departed from the state without intention of returning or concealed himself to avoid service of process, and giving his postoffice address if known, or stating his post-office address is not known to affiant, whereupon the order of publication shall be made by the clerk. * *
“When the affidavit gives the postoffice address of the defendant the clerk shall mail a copy of the summons duly stamped, to the defendant at such address forthwith.”
The affidavit for publication made in this case states:
“The affiant, for the purpose of finding said defendant and ascertaining his place of residence, has made diligent inquiry of and among residents nearest said land and of the postmaster at Burdett, Colo., the postmaster nearest said land, and of the postmaster at Akron, Colo., and is informed and believes *610 is not now and does not reside in this state, and that his present place of residence is to affiant wholly unknown. ’ ’
We notice that the plaintiff in each of the county court cases was a corporation (appellant here), and that the affidavit purports to have been made by one August Muntzing, but whether or not he was attorney or proper agent of plaintiff does not appear from the abstract. It has been held time and again that where service by publication is relied upon to give jurisdiction over a non-resident the statutory requirements must be successively and accurately taken. O’Rear v. Lazarus, 8 Colo. 608; Beckett v. Cuenin, 15 Colo. 281; Brown v. Tucker, 7 Colo. 30.
No mention whatever is made in the affidavit as to the postoffice address of the defendant. This is one of the material recitals in an affidavit for publication of summons, and its omission renders a judgment or decree void for want of jurisdiction of the party in court by constructive service only, and such 'judgment may be attacked collaterally. The recital in the affidavit to the effect that defendant’s place of residence is to affiant wholly unknown may be true in fact, and at the same time his postoffice address be fully within the knowledge of affiant. In other words, such recital is in no way equivalent to a statement that defendant’s postoffice address is at a certain place or that such address is unknown. In actions founded upon constructive service of summons the whole policy of the law is to lodge with the defendant, if possible, a summons which on its face notifies him of the attack upon his property rights and gives him timely notice to appear in the court and defend if he cares to do so. The law requires a sworn statement *611 from the plaintiff stating the defendant’s postoffice address, or if not known to recite that fact. If an affidavit omitting such statement should-be held a sufficient compliance with the statute, then the purpose of the law as above suggested could be easily defeated. It would enable a plaintiff having knowledge of defendant’s postoffice address to suppress such knowledge and thus evade delivery of summons to defendant, the very thing the statute seeks to accomplish. By the plain language of the section quoted, the affidavit for publication must state the postoffice address of defendant, or that such address is unknown to the affiant. The omission of such statement from the affidavit renders it void and does not justify an order for publication of summons based thereon. The Empire Ranch and Cattle Co. v. Coldren (Colo.) 117 Pac. 1005. This case clearly holds that a decree founded upon constructive service, wherein the affidavit for publication fails to include the statement concerning the postoffice address of defendant, is void and of no validity whatever and can be- attacked directly or collaterally at any time.
Decided July 8, A. D. 1912.
Rehearing denied October 14, A. D. 1912.
The conclusions we have reached concerning the two assignments of error dispose of this appeal against appellant. The judgment is affirmed.

Affirmed.