King, J.,
delivered the opinion of the court.
This is a controversy over the title to several quarter sections of land located in Kiowa county, Colorado. On February 17th, 1909, appellant, as plaintiff, commenced his action to quiet title, making the usual allegations under section 255 of the civil code. Plaintiff claimed title by virtue of two tax deeds, supplemented by the alleged payment of taxes for seven successive years under claim and color of title made in good faith to vacant and unoccupied land. " .
1. The first tax deed offered in evidence was executed by the treasurer of said county August 9th, 1902, and recorded on the same day, and was offered as color of title only. This deed recited a sale of several non-contiguous tracts of land en masse for a gross sum; that the lands were stricken off to the county on the first day of the sale, to-wit, November 29th, 1898, and that the certificate of purchase issued therefor was assigned by the county clerk more than three years after the date of the sale and issuance of said certificate. For these reasons die deea was void.
2. Less than seven years elapsed between the time said tax deed was issued and recorded and the commence *394 ment of the suit, and much less than seven years between the first payment of taxes after the recording of said deed and the commencement of the suit, for either of which reasons the seven-year statute of limitations invoked does not operate as a bar in plaintiff’s behalf.
3. The second treasurer’s deed, which is called an amended or correction deed of the first, was executed November 30th, 1909, and recorded December 31st of the same year, long after the suit was begun. Objection to the introduction of this deed was sustained by the court for the reason given that the same was dated and recorded after the commencement of the suit. This action of the court is assigned as prejudicial error. It is not necessary to decide at this time whether the reason given by the court was good. The two tax deeds offered by the plaintiff were based upon one and the same sale and assignment of certificate. As heretofore stated, the first showed upon its face that the county clerk assigned the tax sale certificate of purchase more than three years after its date. Both deeds having been offered by the plaintiff, they will be construed together, and nothing appearing in the second to show that the certificate upon which it was issued was not' assigned by the county clerk as recited in the first deed, those recitations furnish the only authority upon which the second deed was based, and make it likewise void. — Empire Ranch & Cattle Co. v. Howell, 23 Colo. App., 265, 129 Pac., 245; Empire Ranch & Cattle Co. v. Neikirk, ibid., p. 392, 128 Pac., 468. Moreover, it was held by this court in the last case cited that a tax deed which fails to designate the officer by whom the assignment of the certificate of purchase was made, is void. The second tax deed seems to have been artfully worded for the purpose of concealing the fatal defects appearing upon the face of the deed it was made to correct, rather than to speak the truth; but we think the negative showing of the second cannot prevail against *395 the fatal affirmative recitals of the first, when both deeds are offered together.
4. Defendant deraigned title by mesne conveyances from the patentee owner, in part through trustee’s deeds executed pursuant to sale under deeds of trust. To the introduction of these deeds by the defendant, plaintiff objected for reasons which have been repeatedly held by this court not available to an adverse claimant under tax title. Furthermore, plaintiff having shown no title in himself could make no objections to defendant’s title. In Empire Ranch & Cattle Co. v. Bender, 49 Colo., 522, 113 Pac., 494, the supreme court, speaking by Mr. Justice Bailey, said: “The moment defendant’s alleged adverse title failed, as it did when it offered no further interest in the cause, and could raise no other issue. * *, * When the defendant failed to establish its alleged adverse title it was, in effect, out of court. * * * It is only because of his adverse interest that a defendant is permitted to question a plaintiff’s rights at all.” The rule there laid down is opposed to the position of the plaintiff in this case. The judgment quieting title in the defendant is affirmed.