[No. 3713.]

## POAGE v. E. H. ROLLINS & SON ET AL.

1. TAX TITLES—*Void Deed.* A tax deed, based upon a sale to the
county, is void upon its face if it fails to show that the land was offered
on the day immediately preceding the day of the sale, and this, even
though it literally pursues the form prescribed by the statute.

A tax deed recited an offer of the lands on the 15th day of Decem-
ber; that no bid was offered therefor, and that "having passed such
property for the time" the treasurer "did re-offer it at the beginning of
the sale next day, and until he became satisfied that no more sales
* * * could be effected * * * thereupon said treasurer bid off in
the name of said county all the lands." *Held* void upon its face for
failing to show an offer of the land on any day other than that on
which they were sold.

A deed showing a sale to the county and an assignment of the certificate of purchase by the county, "by its proper officers," but not showing by name or official title what officer made the assignment, is void upon its face.

2. —— *Evidence—Aliunde the Deed*, to show the regularity of all proceedings antecedent to the sale, is not admissible to contradict the positive recitals of a deed void upon its face.

3. Limitations—*Seven Years' Actual Residence.* To sustain a defense under Rev. Stat., sec. 4087, the defendant must be in possession, must have been an actual resident upon the land for seven successive years before the institution of the action, and must have had, during all that time, a connected title deducible of record.

4. —— *The Five Years' Statute.* Section 3904 of Mills' Statutes (Rev. Stat., sec. 5733) is not available in an action to quiet title.

5. Pleadings—*Amendment.* To reject an amendment which assumes to set up facts, the evidence of which is inadmissible, or a defense contradicted by the record and impossible of establishment, involves no error.

*Appeal from Rio Grande District Court.* Hon. Charles C. Holbrook, Judge.

Mr. Ira J. Bloomfield, Mr. Jesse C. Wiley, for appellant.

Mr. John F. Mail, for appellee.

Hurlbut, J., rendered the opinion of the court.

Action to quiet title, begun January 30, 1909, in the county court of Rio Grande County, culminating in a judgment in favor of plaintiff (appellant), from which an appeal was taken to the district court. Upon trial there had, defendants (appellees) secured a judgment quieting title to the premises in them. From this last judgment appellant has taken this appeal.

The usual denials and admissions are found in the answer, which further states that defendants claim fee title in the disputed ground by mesne conveyances from the government of the United States. In plaintiff's second amended replication to the answer his title is averred

to be founded upon a treasurer's tax deed recorded July
22, 1902. By stipulation the title to the premises was
admitted to be in the corporation, E. H. Rollins & Sons,
at the time suit was brought, unless divested or extin-
guished by the tax deed mentioned. This tax deed was
offered in evidence and objected to as incompetent and
void on its face, for various reasons given, the first being
that the deed showed the property was struck off to
Rio Grande County on the 15th day of December, 1898,
etc. We think an examination of the deed will show that
the objection was well taken. The recitals in the deed
concerning the sale of the premises by the treasurer at
the tax sale are in part as follows:

"And whereas the treasurer of the said county did
on the 15th day of December, A. D. 1898, by virtue of the
authority vested in him by law, at the adjourned tax sale
begun and publicly held on the 12th day of December,
A. D. 1898, expose to public sale at the office of the county
treasurer in the county aforesaid in substantial con-
formity with the requirements of the statute in such
case made and provided, the real property above de-
scribed  *  *  *  and whereas no bid was made or offered
by any person at said sale for any of the lands  *  *  *
and said treasurer having passed such property over for
the time, did reoffer it at the beginning of the sale next
day and until he became satisfied that no more sales of
any property, and particularly of the property within
specifically described, so offered could be effected at such
sale, thereupon said treasurer did bid off at said sale
for and in the name of said county of Rio Grande all
the lands  *  *  *  and whereas the said county of Rio
Grande by its proper officers, did, on the 18th day of
July, A. D. 1902, duly assign the certificate of the sale
*·  *  *  and whereas the said John George Bauer has
paid subsequent taxes on said property to the amount of
twelve dollars and eighty-three cents  *  *  *,  etc."

It has been held in *Bryant v. Miller*, 48 Colo., 192, 109 Pac., 959, that where property has been bid in for the county at a tax sale, the tax deed subsequently issued in pursuance thereof is void on its face if it fails to show that the land was offered on the day immediately preceding that on which it was sold to the county, and this is true even though the deed literally follows the form prescribed by the statute. To the same effect: *Empire R. & C. Co. v. Howell*, 22 Colo. App., 584, 126 Pac., 1096; *Empire R. & C. Co. v. Saul*, 22 Colo. App., 605, 127 Pac., 123. If we test the tax deed in question by the authorities cited, the deed was void on its face, and the court did not err in excluding it from evidence. There is nothing therein to show that the treasurer offered the property any other time than on December 15th. It certainly does not show that it was offered for sale on the 14th, nor can anything be found in the recitals justifying such inference. Failing to show this, the treasurer purchased the same for the county in violation of the statute.— *Emerson v. Valdez.*, Colo. App., decided September 15th, 1913, *ante* 458. The phrase in the deed, "said treasurer having passed such property over for the time did reoffer it at the beginning of the sale next day," etc., is ambiguous and unintelligible, when considered in connection with its other recitals. If the treasurer passed the property over for the time, what time is referred to, and when was it so passed, on December 15th, before, or after? If it was offered before the 15th and passed over, the time of such offer should appear in the deed. If he first offered it December 15th and then reoffered it the next day, that would be December 16th. This could not be the case, as the deed shows he offered and sold it on December 15th. If he offered it on December 14th, passed it over, and reoffered it the next day, then the deed should have recited that fact. If the recital had been to this effect the deed would have been good as against the objection urged.

The tax deed in question is void upon its face for another reason, as decided in *Foster v. Clark et al.,* 21 Colo. App., 192, 121 Pac., 130; *Empire R. & C. Co. v. Smith,* 23 Colo. App., 53, 127 Pac., 449, and *Emerson v. Valdez, supra.* It will be noticed in the excerpt from the tax deed that the recital, "and whereas the said county of Rio Grande by its proper officers did on the 18th day of July, A. D. 1902, duly assign the certificate," does not state what officer made the assignment. Section 177, page 132, Session Laws 1902, authorizes a certain designated county officer to make an assignment of a certificate of sale of lands sold to a county, to-wit, *the treasurer.* Section 166, page 319, Session Laws 1901, authorized the *county clerk,* under certain conditions, to make such assignment. This later act was repealed, however, by said act of 1902, and the county clerk had no power thereafter to make such assignment. The phrase being discussed shows in effect a construction by the treasurer of a legislative act, and is a mere conclusion indulged in by him as to what county officer is a proper one to make such assignment. Therefore the omission of the deed to state by name, or by his official title, the officer who made the assignment of the certificate, rendered the deed void on its face, and appellant's contention that the recital in the deed under consideration is not open to objection cannot be upheld.

Appellant further complains that he was seriously prejudiced by the court's ruling in denying his motion to file a so-called amended and supplemental complaint after the trial had been completed and both parties had rested. This contention is untenable. The trial was conducted and completed under the pleadings then before the court. After the case was closed (April 26th) the court took the same under advisement, and announced that it would render its decision at the opening of court on May 23rd, and allowed plaintiff fifteen days within which to present briefs, and defendants five days thereafter to answer.

It appears from the abstract that on August 15th the court announced that it was still in doubt as to the merits of the case, and would take further time in order to have the stenographer inform it concerning certain evidence that had been given at the trial. Thereafter, on September 16th, 1910, the court rendered its judgment in favor of defendants. At this time the said motion to amend the pleadings was presented, being supported by affidavits. The court overruled the motion, giving, as we think, satisfactory reasons therefor.

There are other reasons why the court did not err in overruling the motion to amend:

(1) From an inspection of the so-called amended and supplemental complaint, it appears that there were only two matters therein pleaded which had not already been pleaded before the trial, the first of which was a detailed recital of all the acts of the treasurer before and at the tax sale of 1898, which recitals conflicted with those contained in the void tax deed excluded from evidence. In *Emerson v. Valdez, supra,* we decided that in a case of this kind, evidence *aliunde* for the purpose of showing that all preliminary steps taken by revenue officers up to the time of the tax sale were valid in all respects, was not admissible to contradict the positive recitals of a tax deed void on its face. Therefore, evidence tending to prove such recitals would not have been admissible even had such complaint been filed.

(2) The amended-supplemental complaint set up the statute of limitations incorporated in Section 2923, Mills' Annotated Statutes (Revised Supplement), which reads in part as follows:

"Actions brought for the recovery of any lands, tenements or hereditaments of which any person may be possessed by actual residence thereon for seven successive years, having a connected title in law or equity, deducible of record   *   *   *   shall be brought within

seven years next after possession being taken as aforesaid; but when the possessor shall acquire such title after taking such possession, the limitation shall begin to run from the time of acquiring title.''

This statute of limitations appears to be available as a plea in bar only in an action brought to recover lands against one who, at the time suit is brought, is in the possession of, and for seven successive years has actually resided upon, the disputed premises.

Three facts must exist to sustain the defense: (1) The person sued must be in possession; (2) he must have been an actual resident upon the land for seven successive years after going into possession; (3) during all this time he must have had a connected title in law or equity deducible of record. Bearing this in mind, plaintiff's original complaint and replications show that he was not entitled to invoke this statute in bar of the fee simple title pleaded by defendants, as the only title claimed or relied upon by plaintiff was that emanating from his tax deed recorded July 22, 1902. The suit was begun January 30, 1909, being six years, six months and eight days after the recording of the tax deed. This fact makes it clear that it would have been impossible, at the trial, for plaintiff to prove that he had been an actual resident upon the premises for seven successive years from the time the tax deed was recorded—in other words, from the time he acquired his title to the time the suit was begun. Therefore if the court had permitted the said complaint to be filed, plaintiff could not have proved the facts necessary to establish the defense we are considering. When this action was commenced it arrested the running of the statute of limitations now under consideration.

Section 3904, Mills' Annotated Statutes, pleaded by plaintiff (known as the short statute of limitations), is not available in an action simply to quiet title.—*Munson v. Marks,* 52 Colo., 553, 124 Pac., 187; *Carnahan v.*

*Hughes,* 53 Colo., 318, 125 Pac., 116; *Empire R. & C. Co. v. Mason,* 22 Colo. App., 612, 126 Pac., 1129; *Beaver v. Cook,* 23 Colo. App., 199, 128 Pac., 878.

Plaintiff also pleaded the seven years statute of limitations, Section 2923e, Mills' Annotated Statutes (Revised Supplement), based upon actual possession under claim and color of title made in good faith and payment of all taxes for seven successive years. This attempted defense is wholly unsupported by the evidence.

We discover no error in the court's ruling. The judgment will be affirmed.

*Judgment Affirmed.*