Bell, J.
This action was brought by the plaintiff and appellee, Minnie E. Weldon, against the defendants and appellants, J. L. Miller and The Empire Ranch & Cattle Company, in the District Court of Yuma County, Colorado, August 29th, 1908. In her complaint, she alleges that she is the owner in fee simple and entitled to the possession of the N. W..'j4 Sec. 7, Tp. 4, N. R. 48 W. of the 6th P. M., and that the - defendants wrongfully withhold and wrongfully exercise acts of ownership over the same, and prays judgment to the effect that she is the owner of the land above described and entitled to the possession thereof, and for damages in the sum of< $250.
The first defense stated in the answer denies the allegations of the complaint; the second sets up that the defendant J. L. Miller and his predecessor in interest, The Empire Ranch & Cattle Company, have been in possession of the land under claim and color of title made in good faith, based upon a treasurer’s tax deed, for more than ‘five years, and that plaintiff’s right of action did not accrue within five years from the date of the commencement of the action; the third recites that the land in question was vacant, and unoccupied, and that defendant Miller and his predecessor in interest as aforesaid have, during seven successive years, paid all taxes assessed upon the same, under claim and color of title made in good faith; and the fourth alleges that a decree of the county court of Yuma County in the year 1902 quieted the title to said premises in said Empire Ranch. & Cat'cle Company. There seems to have been no other pleading in the case.
The appellee deraigned title from the government of the United States to herself through divers mesne conveyances, and the defendants offered in evidence a treasurer’s tax deed to The Empire Ranch & Cattle Company, dated April 10th, 1901, and recorded April 22nd, 1901. The deed showed an assignment by the county clerk of the certificate of purchase *110 more than three years after the date of sale, thereby rendering' the same void upon its face, as held in Johnson v. Gibson, 24 Colo. App. 392, 133 Pac. 1052, and, upon proper objection, it was excluded as evidence of paramount title, but admitted as color of title.
The deed, being void upon its face, did not set in operation the five-year statute of limitation relied upon in the second defense: Empire Ranch & Cattle Company v. Howell, 24 Colo. App. 417-420, 133 Pac. 1124; Gomer v. Chaffee, 6 Colo. 314-317.
Under the defense of payment of taxes for seven successive years, under claim and color of title made in good faith, defendants offered to prove the payment of taxes for the years 1900 to 1907, both inclusive. The payment of the taxes for the year 1900, past due when the tax deed issued, could not properly be counted as one of the necessary seven yearly payments. The payment of taxes for the year 1901 could not have been made until 1902, which would be the first payment under-the deed to have started the running of the statute, and it was impossible for seven years to have expired between the date of such payment and the date of the "Commencement of the action. Therefore, the proof offered was insufficient and, upon objection being made, was properly excluded.
In support of the fourth defense, a decree of the County Court of Yuma County purporting to quiet the title to the premises in The Empire Ranch & Cattle Company was offered in evidence. The decree was unaccompanied by the judgment roll and its admission was objected to for this reason, and the objection was properly sustained: Empire Ranch & Cattle Company v. Battelle, 24 Colo. App. 375, 133 Pac. 1123.
This left the defendants without any proof of title whatsoever, and without any showing of the right of possession, whereupon judgment was rendered in favor of the appellee.
*111 Numerous objections were raised to the introduction of evidence and the rendition of judgment; and the ruling's of the court thereon are,now. assigned as error. Many of them have been repeatedly decided by this or the Supreme Court adversely to the contentions of the appellants, some of them are without any record, in the abstract, in support of the questions presented, and others are wholly untenable, and we have found none, under the condition of the record, that would justify us in disturbing the judgment of the trial cpurt, and, therefore, it is hereby affirmed.

Affirmed.