No. 14,492.

LOWE ET AL. *v.* SORY.
(111 P. [2d] 1054)

Decided March 24, 1941.

Mr. GILBERT L. McDONOUGH, Mr. FRANK McDONOUGH, JR., Mr. FRANK McDONOUGH, SR., for plaintiffs in error.

Mr. JOHN R. WOLFF, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

IN a suit by defendant in error, plaintiff at trial, to quiet title to mining property, judgment to that end entered against plaintiffs in error, defendants there.

At all times important to our inquiry plaintiff held legal title to the property involved, and at the institution of the suit was in possession thereof. Defendants relied on a contract of purchase—pleaded at length—in virtue whereof they claimed to be the equitable owners of the property, and that their own possession, once unquestioned, had been interrupted and overcome by plaintiff in manner and by means so inconsistent with law and justice as to negate plaintiff's possession in the sense that suit to quiet title was predicable thereon. They prayed for decree of equitable title, restoration of possession, and for damages. A general demurrer to defendants' pleading was sustained, and electing not to amend or otherwise plead further, their default was entered, and on requisite proof by plaintiff judgment entered as already recited.

The contract of purchase of the property involved, and on which defendants rely, was dated October 12, 1935, and provided for payment to plaintiff of the sum of $30,000, as follows: $10,000 cash; $5,000 April 12, 1936, $5,000 on or before October 12, 1936, and $10,000 in installments of $500 "each and every month after the date of the contract, namely, October 12, 1935, until said sum of ten thousand ($10,000) dollars is fully paid, said monthly installments to be paid on or before the 15th day of each succeeding month after the date of this agreement, and said monthly installments to be fully paid and discharged on or before the 15th day of June 1937." In addition, the purchaser was to pay the sum of $4,544.17 to Mary J. Prettyman and Jean Hooper Wigton, and $1,650 to George H. Pomeroy, both interested in the property as stated in the contract, the claim of Prettyman and Wigton to be satisfied out of royalty of fifty cents per ton of ore produced from the property, and that of Pomeroy at the rate of $100 per month "each calendar month after the date of this contract, the first payment to be made on or before the 10th day of each succeeding month thereafter until the total

sum has been paid." A further provision was that "Time is the essence of this contract as to the payment of any unpaid portion of the purchase price, or the payment of the royalties reserved by Mary J. Prettyman and Jean Hooper Wigton, or any monthly payment to George H. Pomeroy, and if any payment of royalty, or any monthly payment of five hundred ($500.00) dollars, or either of the five thousand ($5,000.00) dollar payments, or any payment to George H. Pomeroy be not paid within the time or times limited, party of the first part may at his election declare the contract forfeited, and shall have the right to re-enter upon the premises and take possession, and party of the second part agrees to deliver possession, and all payments made to party of the first part hereunder, shall be and remain the property of the party of the first part as liquidated damages."

The extent of payments by defendants toward the discharge of their contracted obligation, as alleged by them, was as follows: $10,000 at the execution of the contract; $500 December 22, 1935; subsequently—dates and amounts in severalty not pleaded—they "paid on the purchase price in accordance with the terms of said contract and agreement for sale and extensions of time granted by the said plaintiff of such payments, the sum of $3,000. That in addition thereto defendant corporation and said defendant Lowe paid the sum of $1,000 to one George H. Pomeroy in accordance with the terms of said contract." Shortly stated, at the time plaintiff repossessed the property, March 23, 1937, defendants, their pleading considered, had paid only $13,500 of the $30,000 which they had contracted to pay, leaving a defaulted balance of not less than $15,000 then due plaintiff, plus a balance of $600 due Pomeroy, quite as important and binding, the contract considered, as the direct obligation to plaintiff. There was absence of allegation of performance of the essential conditions of the contract, of misrepresentation or overreach-

ing by plaintiffs at the inception of the contract, or at any time, of severity of insistence on observance of its terms (defendants themselves pleaded that they enjoyed extensions), that the terms were burdensome, or of any excuse for their defaults, nor did they offer, presently, or ever, to perform, or to do equity in any manner whatsoever.

■ 1. Considering that defendants were in default, not attempted to be gainsaid, and that as the result thereof plaintiff enjoyed contractual right to "re-enter upon the premises and take possession," which he did, we think his possession at the time he brought suit was not unlawful, and sufficed for the purposes thereof. See *Sayre v. Sage*, 47 Colo. 559, 108 Pac. 160; *Phillippi v. Leet*, 19 Colo. 246, 35 Pac. 540; *Smith v. Schlink*, 15 Colo. App. 325, 62 Pac. 1044. Our examination of *Shaw v. Bank*, 81 Colo. 528, 256 Pac. 636, called to our attention by counsel for defendants leads us to conclude it is distinguishable.

■ 2. On the merits generally, we cannot think defendants are in position to complain. They had defaulted as to many and substantial items. They pleaded no excuses or explanation. Their attitude, as pleaded, was equivalent to saying, "Yes, we agreed to make certain payments and at specified times, time to be of the essence of our performance, and we failed in divers instances, But what of it?" They do not allege their defaults resulted from fraud, ignorance, surprise, accident, mistake or inability of performance, or that plaintiff caused them or contributed thereto. They alleged no purpose, now, or ever, to comply with their defaulted obligations. So far as defendants' pleading manifests their attitude toward their promise to pay, it is that they do "not intend, or even wish, to pay." *American Mortgage Co. v. Logan*, 90 Colo. 157, 7 P. (2d) 953. The trial court rightly resolved that defendants' pleading did not state any defense, or right of recovery.

Let the judgment be affirmed.