JAMES HOBART MOORE, Appellee, *vs.* THE CITY OF
CHICAGO, Appellant.

*Opinion filed December 17, 1913.*

1. PLATS—*offer to dedicate may be withdrawn before accept-
ance.* The making of a plat of a subdivision and filing the same
for record is a mere offer on the part of the owner to dedicate the
streets and other public grounds designated thereon to the public,
and no title or right vests in the public until there has been an
acceptance of the offer.

2. SAME—*acceptance of part of streets shown on plat is not an
acceptance of all.* Public authorities are not bound to accept all
of the streets and public grounds shown on a plat of a subdivision,
and an acceptance of part of the offered dedication is not an ac-
ceptance of all.

3. SAME—*when acceptance of one street does not preclude va-
cating other streets.* The acceptance by the public authorities of
a street forming the northern boundary of a subdivision, the lay-
ing of street car tracks thereon on an embankment and the build-
ing of an elevated sidewalk do not preclude the vacation, by the
owner of the subdivision, of the remaining streets shown on the
plat, which are wholly unimproved, submerged with water, over-
grown with weeds, unmarked by stakes or other monuments, and
lying too low to have any connection with the street accepted.

APPEAL from the Circuit Court of Cook county; the
Hon. LOCKWOOD HONORE, Judge, presiding.

WILLIAM H. SEXTON, Corporation Counsel, (NICHO-
LAS MICHELS, and ALEXANDER E. ARKIN, of counsel,) for
appellant.

BUELL, ABBEY & WILLIAMS, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

James Hobart Moore filed a petition in the circuit court
of Cook county for the purpose of having the title to cer-
tain real estate confirmed and established in him under the
Burnt Records act. The city of Chicago was made a party
defendant and answered the petition. The real estate in

controversy is embraced within certain streets that appear on a plat of J. W. Cooper's addition to the town of Hyde Park. The question presented was whether the title to the strips of land designated as streets on the Cooper plat is in the petitioner or in the city of Chicago. This question was decided against the city, and the record is before us by its appeal.

The testimony, which is not in conflict, establishes the following facts: The appellee established a *prima facie* fee simple title to the land embraced within a certain portion of the Cooper addition known as blocks 1, 2, 3 and 4, except a strip thirty-three feet wide on the north side of said tract, which is a part of One Hundred and Sixth street, which appellee does not claim. The property claimed by appellee is a triangular piece of land lying south of One Hundred and Sixth street and north of the Calumet river. Its north and west boundaries are straight. The river runs north-east and south-west and forms the south-easterly boundary. On January 3, 1870, James W. Cooper subdivided this property and made a plat thereof and caused the same to be recorded, which was known and described as "J. W. Cooper's addition to the town of Hyde Park." The plat was not executed in accordance with the statute. It only constituted a common law offer to dedicate the streets marked thereon to the town of Hyde Park for the use of the public, and this is not disputed. On November 22, 1911, appellee, as owner of blocks 1, 2, 3 and 4, executed and filed for record a vacation deed for the purpose of vacating all of that part of Cooper's addition lying south of the south line of One Hundred and Sixth street and north and west of the Calumet river and east of the center line of Carondelet avenue, and thereafter filed his petition. The evidence shows that all of the land embraced in the vacation deed is low, swampy land and is covered with water and high grass; that it is wholly unimproved and in its present condition cannot be used for any purpose.

There is nothing to indicate the location of any streets or alleys south of One Hundred and Sixth street, and taxes have been paid on the property south and east of the river as unsubdivided land for several years.

Appellant contends that the streets of this subdivision had been accepted prior to the execution of the vacation deed, and bases this contention on the following facts: In 1883, before the village of Hyde Park became a part of Chicago, it passed an ordinance granting a street railway company permission to lay down, operate and maintain a single or double-track railway in and along One Hundred and Sixth street from Ewing avenue west to Torrence avenue. None of the streets named in the ordinance appear upon the Cooper plat except One Hundred and Sixth street. The evidence shows that a street railway was constructed, either under the ordinance above referred to or others subsequently passed, along One Hundred and Sixth street, and that a plank sidewalk was constructed paralleling the street railway line and a water main was laid in the said street. The sidewalk was elevated, and the evidence is that no one could get onto it from any of appellee's property, or from the sidewalk to the property, without the use of a ladder. Appellant's position, based on the foregoing facts, is, that the acceptance of One Hundred and Sixth street by the village of Hyde Park was an acceptance of all the streets shown on the plat of this subdivision.

The making of a plat of a subdivision and filing the same for record is a mere offer on the part of the owner to dedicate the streets and other public grounds thereon designated to the public, and no title or rights vest in the public to such public grounds until there has been an acceptance of the offer. Until there has been an acceptance the offer to dedicate can be withdrawn and the plat canceled. (*Russell* v. *Chicago and Milwaukee Electric Railway Co.* 205 Ill. 155; *Reichert Milling Co.* v. *Village of Freeburg,* 217 id. 384; *Village of Winthrop Harbor* v.

*Gurdes,* 257 id. 596.)   It is conceded that there was an acceptance of One Hundred and Sixth street, but under the circumstances shown in this record such acceptance cannot be held to indicate an intention to accept all the streets in the Cooper addition.   The street railway company threw up an embankment and placed a street car track thereon and commenced the operation of the road.   This embankment had no connection whatever with any other street in the addition, and it is shown by the character of the improvement that it could not form a part of any system of improvement that would connect with any other street shown on the plat, and the same may be said of the elevated plank sidewalk.   All of the other streets were left wholly unimproved, submerged with water, overgrown with weeds, and with no stakes or other monuments to indicate where they were.   Acceptance on the part of a municipality of an offer to dedicate a street must be by some overt, unequivocal act indicating an intention to appropriate to the public use the proposed dedication.   It is not reasonable to attribute to the village of Hyde Park an intention to accept the rights and duties imposed upon the municipality by assuming control over all the streets shown on this plat from the mere fact of its acceptance of one single street running east and west along the northern boundary of the addition. The acceptance by the village of One Hundred and Sixth street cannot be held to be an acceptance on its part of all the streets and alleys in the addition.   The law is well settled that when a person plats property into a subdivision and maps out streets thereon the authorities may accept them in whole or in part.   The public is not compelled to assume the burdens imposed by accepting every part of an offered dedication.   An acceptance of a part is not an acceptance of the whole; and this was the holding of this court in *City of Chicago* v. *Drexel,* 141 Ill. 89, and reaffirmed in *Reichert Milling Co.* v. *Village of Freeburg, supra.*   The streets to which the city of Chicago is now

setting up title have lain out in the swamp, covered with water, without any improvement or user of any kind, for more than forty years.

In our opinion the vacation deed made before the commencement of this suit had the effect of withdrawing and canceling all of the Cooper plat south of the south line of One Hundred and Sixth street and north of the Calumet river and east of Carondelet avenue. The judgment below was in accordance with the views herein expressed.

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*