EDWIN A. CASEY, Defendant in Error, *vs.* THE CITY OF CHICAGO, Plaintiff in Error.

*Opinion filed April 23, 1914.*

1. DEDICATION—*common law offer of dedication may be withdrawn before acceptance and user.* A common law offer to dedicate land for streets and alleys may be withdrawn before acceptance and user by the public.

2. SAME—*when city loses right to accept streets.* Where there has been no acceptance by the public authorities of a common law offer to dedicate land for streets in a subdivision laid out in a swamp for over forty years the offer may be withdrawn by making and filing proper deeds of vacation, and the city cannot thereafter exercise the right to accept such streets. (*Moore v. City of Chicago,* 261 Ill. 56, followed.)

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

BUELL, ABBEY & WILLIAMS, for defendant in error.

WILLIAM H. SEXTON, Corporation Counsel, (NICHOLAS MICHELS, and ALEXANDER E. ARKIN, of counsel,) for plaintiff in error.

SEARS, MEAGHER & WHITNEY, (JAMES F. MEAGHER, and JAMES J. GUINAN, of counsel,) for Charles H. Ruddock and Timothy H. McCarthy.

Mr. JUSTICE CRAIG delivered the opinion of the court:

The defendant in error, Edwin A. Casey, filed his bill in the circuit court of Cook county for the partition of certain lands described in the bill, making the city of Chi-

cago a defendant thereto. Part of the lands involved are described as that part of the south quarter of the north-west quarter of section 18, in township 37, north, range 15, east of the third principal meridian, lying east of the Calumet river. It is alleged in said bill that the above described portion of the premises sought to be partitioned comprises blocks 8, 9 and 10, and the strips of land adjoining and extending through said blocks designated as streets and alleys, in Cooper's addition to Hyde Park. The bill further alleged that Cooper's addition was located in the town of Hyde Park, which afterwards was annexed to and became a part of the said city of Chicago; that J. W. Cooper, on or about January 28, 1870, made a subdivision of certain lands, including the north-west quarter of said section 18, east of the river, said subdivision being called Cooper's addition to Hyde Park; that the plat of said subdivision was recorded in the recorder's office of Cook county; that said plat was not in the form prescribed by the statutes of the State of Illinois then or since in force to vest the fee simple title to any part or portion of said subdivision in the municipality or in the public; that neither the town of Hyde Park nor the city of Chicago has ever accepted any part of the subdivision in and by said plat offered to be dedicated for streets and alleys for the use of the public, and that no part of said subdivision was or has been used as a street, alley or public thoroughfare; that by deeds of vacation duly executed by all the owners of property in said subdivision and recorded in the recorder's office of Cook county, Illinois, the offer to dedicate any part or portion of that part of said subdivision known and described as blocks 8, 9 and 10, and the strips of land adjoining and extending through said blocks designated as streets and alleys, and otherwise described as the south quarter of the north-west quarter of said section 18 lying east of the Calumet river, was withdrawn and the said property was restored to its original condition as unsubdivided lands; that

since such vacation taxes have been assessed and paid on said property as unsubdivided lands. The bill sets out the ownership of the property and the interests of the parties,—Edwin A. Casey as the owner of an undivided one-half and Charles H. Ruddock and Timothy H. McCarthy each of one-fourth,—and prays that the city of Chicago may be decreed to have no right, title or interest in said premises or any part thereof, and that the said Ruddock, McCarthy and Casey, as their ownership and interests are set out, may be decreed to be the only persons having any right, title or interest to said premises and that said premises be partitioned.

The city of Chicago in its answer admits that said plat or subdivision was not in the form prescribed by law, and that said subdivision is now located within the said city of Chicago; denies that neither said town of Hyde Park nor said city of Chicago accepted any part of said subdivision or that no part of said subdivision was ever used as a public street or alley; admits the execution and recording of deeds of vacation, but alleges that they are void and of no effect because they were not executed by all the owners of lots and blocks in the said subdivision, and for the further reason that a common law dedication of public streets cannot be withdrawn or vacated under the provisions of the statutes of the State of Illinois; denies that by the execution and recording of said deeds of vacation the property described in said subdivision was thereby restored to its original condition as unsubdivided lands; avers that the plat of said subdivision has never been legally withdrawn, and that the streets and alleys as shown on the plat are still open for acceptance in behalf of the city of Chicago; that this defendant has neither accepted nor rejected the dedication offered in said plat or subdivision but is still awaiting the time when the public convenience and necessity will require it to make its election to accept or reject the same.

The only question in controversy between the plaintiff in error, the city of Chicago, and the defendant in error, Casey, and the other owners, was over the strips of land shown on the plat of said subdivision as streets and alleys. The cause was referred to a master in chancery to take the evidence and report. The allegations of the bill were fully proven, and in addition the evidence showed that said described land is low and swampy and unimproved; that to get around in the addition it is necessary to use a boat or wade; that no part of it has been used as streets or alleys or as a public thoroughfare. No evidence was submitted on behalf of the city of Chicago. The master made his report, finding that all the material allegations of the bill were duly proven; that neither said town of Hyde Park nor said city of Chicago has accepted any part of the subdivision for public use; that no part of said subdivision has been used as a public street, and that the offer to dedicate was withdrawn by proper deeds of vacation. The report finds that the city of Chicago has no interest in said premises, and recommends that partition be decreed as prayed in the bill. The court entered a decree accordingly, and the plaintiff in error, the city of Chicago, has sued out this writ of error, assigning as error the admission of improper evidence and the rendition of the decree in favor of the defendant in error.

The only evidence admitted was as to the ownership of the property, the deeds of vacation, proof that the deeds were executed by all the owners, the swampy and unimproved condition of the property and non-user of the portions platted as streets. This evidence was all material to the issues and there was no error in admitting it. It appears from the record that it is conceded in this case there was no statutory dedication of the streets and alleys of the subdivision in question. There was merely a common law offer to dedicate the streets and alleys marked on the plat of said subdivision to the town of Hyde Park for the use

of the public. Such streets and alleys have never been used, and the blocks in question and the *locus in quo* of such streets and alleys is a swamp.

The facts in this case and the issues raised by plaintiff in error are very similar to those in the case of *Moore* v. *City of Chicago,* 261 Ill. 56. The premises involved in this suit are blocks 8, 9 and 10 in Cooper's addition to the town of Hyde Park, and in the *Moore case* the land in controversy was included in the streets embraced within blocks 1, 2, 3 and 4 of said Cooper's addition, except the strip thirty-three feet wide on the north side of said tract, which was a part of One Hundred and Sixth street. We held in that case that the making of a plat of a subdivision and filing the same for record is a mere offer on the part of the owner to dedicate the streets and other public grounds designated thereon to the public, and that no title or right vests in the public until there has been an acceptance of the offer; that public authorities are not bound to accept all of the streets and public grounds shown on the plat of the subdivision; that an acceptance of part of the offer of dedication is not an acceptance of all, and that where land platted as streets was laid out in the swamp without improvement or user of any kind for forty years, the making and filing of proper deeds of vacation will have the effect of withdrawing and canceling that portion of the plat included in such deeds.

So far as shown by the evidence in this case there was no acceptance or user of any portion of the streets and alleys embraced in said blocks 8, 9 and 10, and under the authority of the *Moore case,* and the cases cited therein, the decree in this case must be affirmed.

*Decree affirmed.*