No. 16,148.

PAGE ET AL. *v.* LANE.

(211 P. [2d] 549)

Decided July 11, 1949. Original Opinion Adhered to, November 7, 1949.

Mr. SAMUEL W. JOHNSON, Mr. PAUL A. JOHNSON, for plaintiffs in error.

Mr. C. C. CONANT, Mr. JOE R. ATENCIO, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFFS in error, as plaintiffs in the trial court, on November 24, 1947, filed their petition for declaratory judgment in the district court of Arapahoe county against twelve defendants, concerning the right to use, or not to use, a certain avenue or roadway adjacent to

the property of defendants, and to an adverse judgment entered June 26, 1948, they specify error. Process issued and all defendants who were found to have interests were served, and only one of the defendants, namely, W. H. Lane, made appearance. Default was entered against all others. Defendant Lane asserted adverse interests.

The avenue or roadway in question is located in section 27, township 5, South, range 67 west of the 6th P. M,. which section was, on May 29, 1905, laid out, subdivided and platted into tracts and avenues by the then owner, specifically dedicating certain portions of the land as avenues to the use of the occupants of the platted tracts, all as shown by the recorded plat and dedication as of that date. The evidence seems to disclose that the so-called tracts consist of ten acres each, and numbered. Running from west to east, plaintiffs are the owners of tracts 37, 36 and 35, and to the east of tract 35, across a dedicated avenue, defendant Lane is the owner of tracts 34 and 33. The east line of said platted area adjoins a county road as shown by the plat. Running east and west on the north side of the tracts owned by plaintiffs and the defendant is shown a 25-foot avenue, and, as stated in the dedication, for the use of the occupants of said tracts. Plaintiffs own a quarter section of land east of the tracts involved and across the county road which plaintiffs use as pasture land in connection with their dairy business. Plaintiffs have owned tracts 37, 36 and 35 for about twenty-eight years and used the roadway or avenue on the north of defendant's tracts for a long time in taking cattle back and forth to the grazing land to the east and across the county road, and used the roadway for other purposes until same was barricaded by a heavy fence with three or four wires. Defendant Lane bought tracts 34 and 33 about 1938, and plaintiffs continued the use of the roadway until the spring of 1942, when it was closed by defendant Lane. This blockade across the avenue or roadway maintained by defendant Lane requires plaintiffs to drive their

cattle more than a mile further to the pasture land herein referred to.

Defendant Lane claims ownership from his property line to the center of the avenue, but it was shown by cross-examination of defendant Lane that the fence or barricade he erected goes completely across the avenue and defendant Lane in going west uses the avenue on the north of plaintiffs' property, which is an extension of the roadway north of defendant's tracts 34 and 33, and that he is still using it. Defendant claims he has a right to use the avenue as dedicated along and across and in front of plaintiffs' property, but plaintiffs have no right to use the same avenue as it extends across and in front of defendant's property.

Trial court found that the avenue shown on the plat running east and west north of defendant's tracts 34 and 33 is not a public thoroughfare or public highway and plaintiffs have no right to travel over or use the same except by permission that they may receive from the owners of the south half or twelve and one-half feet of the tracts north of said avenue and across from defendant's tracts.

This finding was based on the ruling by the court that the avenue had never been accepted by the public by use or otherwise, and title became vested in the owners of the tracts adjoining both sides to the avenue.

A photostatic copy of the plat and dedication appears in the record as Exhibit A. This plainly shows the dedication of the twenty-five foot avenues to the use of the occupants of the tracts as platted. The plat has never been vacated or abandoned and we must conclude that the dedicated avenues are still in existence and that the dedication thereof is in full force and effect. By the recording of the plat and the dedication, all subsequent purchasers were charged with notice of the existence of the easements, which were appurtenances to plaintiffs'

tracts as well as all others; this appurtenance was a grant from the original owner, and all subsequent purchasers had notice of the rights of others to the beneficial enjoyment of the properties involved. This right inhered in the land and concerned the premises and pertained to its enjoyment and possession and followed with the transfer of the land.

It is clear that plaintiffs had, and do have, a dominant estate to which an easement was due from the servient estate of the defendant and vice versa. There can be no doubt about the intention of the original grantor because, in the dedication, it was made clear that the right to the enjoyment and use of the avenues was to the occupants of the tracts platted. The original grantor created an estate for the use and benefit of the dominant estates.

This grant was not to one or a select few of the grantees, but it extended to and included all occupants, meaning that whoever might own any of the several tracts, would have the use and enjoyment of the easement.

From the evidence, it is clear that the finding of the trial court in effect determined that defendant Lane had the right to enjoy the use of the avenue north of plaintiffs' property, but plaintiffs were denied the use of the same avenue where it was adjacent to the north of defendant's property.

It is significant to note that the kind of use was not specified by the dedication, which leaves the manner of use, to the occupants of the tracts, open for whatever lawful purpose the occasion might require. Defendant Lane claimed that his rights and possession was under color of title with plaintiffs' knowledge for over twenty years. This is not supported by the evidence. Defendant's title was derived from a receiver's deed which defendant claims conveyed the tracts "free and clear of

various trusts and liens * * * and free of all claims, rights or interests of all persons claiming by, through or under The Denver Suburban Homes and Water Company." This does not even purport to be a conveyance of the land dedicated as an avenue, and even if it did, it would be beyond any authority or power of the receiver and would be of no effect.

The erection and maintenance of the barricading fence across the entire avenue was not with plaintiffs' consent and this is the only interference to the use of the avenue so far as the evidence discloses. The dedication of the avenues was complete when conveyance was made by the original grantor so far as the grantee or grantees were concerned. There can be no doubt that the original grantor, by the dedication, considered that the avenues were ways of necessity for the occupants of the tracts, and the grant, being express, continues whether a necessity exists or not.

There is nothing here indicated as to an abandonment by the plaintiffs of any right to the use of the avenue in question, but it is shown that they have been precluded, and from the evidence dared, to use the avenue. Whether or not they used the entire avenue as a roadway is beside the question. Plaintiffs were free to use the open territory adjacent to the avenue if more desirable, being constantly aware of the fact that if the open land was enclosed, then the use by the occupants of other tracts would be confined to the area designated as avenue. There was no binding obligation on the part of the owners of the various tracts to use the avenues if a more convenient way is open for use. This statement is occasioned by the claim of defendant the plaintiffs have used an old roadway which was not in the avenue proper.

We believe the judgment of the trial court in decreeing that one-half of the dedicated avenue belonged to

the defendant and the other half to the owners of tracts directly across the avenue from defendant's property, was erroneous.

The judgment is reversed and the case remanded with directions to enter a decree giving plaintiffs the right to the use of the avenue as dedicated without interference or obstruction by the defendant, and that the defendant be enjoined from such interference.

MR. JUSTICE HAYS and MR. JUSTICE ALTER concur in the result.

MR. JUSTICE JACKSON and MR. JUSTICE STONE dissent.