FIRST NATIONAL BANK OF HIGH BRIDGE, NEW JERSEY, Appellant, *v.* CHARLES I. HUDSON et al., Respondents.

*First Nat. Bank of High Bridge, N. J.,* v. *Hudson,* 166 App. Div. 51, modified.

(Argued November 26, 1917; decided December 11, 1917.)

APPEAL from a judgment entered February 10, 1915, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint. This action was brought by the plaintiff, a national bank, against the defendants, a firm of stockbrokers, to recover moneys and the proceeds of stocks embezzled by one Beavers, the cashier of the bank, and paid or delivered by him to the defendants in connection with his personal stock speculations. The case was tried upon the theory that the defendants received these moneys with actual notice that they belonged to the bank.

*Harold Nathan, David Leventritt* and *Alfred A. Cook* for appellant.

*John Godfrey Saxe* and *John A. Garver* for respondents.

*Per Curiam.* The judgment of the Appellate Division must be affirmed, except as to one item.

There is evidence upon which it would be possible for a jury to find that the plaintiff's cashier, Beavers, purchased through the defendants one hundred shares of the stock of the Pressed Steel Car Company. The certificates were in the name of Goodhart & Company, and were indorsed in blank.

On May 5th, 1911, one Rufe discounted a collateral

note with the plaintiff for $4,500.   The proceeds were placed to Beaver's credit.   The collateral were changed from time to time.   The certificates in question were delivered to Beavers on September 4th, 1912.   He erased from the note the description of the collaterals then held as security for its payment, wrote in their place " 100 Pressed St. Car " and placed the certificates in the plaintiff's pouch with the Rufe note as collateral thereto.

It would be possible for the jury further to find that on October 24th Beavers, without the consent of the plaintiff, took from the pouch these same certificates and returned them to the defendants.

Later, on March 17th, 1913, the defendants sold them and received $2,573 therefor.

If the jury should find these facts the plaintiff would be entitled to judgment against the defendants for that amount and interest.

The judgment appealed from should be, therefore, modified so as to read and provide: " Judgment reversed and complaint dismissed, except as to the item of $2,573 value of the Pressed Steel Car Company stock and as to which item a new trial is granted," and as so modified the judgment is affirmed, with costs to the appellant to abide the event.

Hiscock, Ch. J., Cuddeback, Cardozo, Pound, Crane and Andrews, JJ., concur; McLaughlin, J., not sitting.

Judgment accordingly.