No. 12,073.

Board of County Commissioners, Jefferson County, et al. v. Warneke.

Decided March 25, 1929.

Mr. John C. Vivian, Mr. Martin C. Molholm, Mr. Clyde Campbell, for plaintiffs in error.

Mr. J. E. McCall, for defendant in error.

*Department One.*

Mr. Justice Alter delivered the opinion of the court.

Anna C. Warneke, defendant in error, hereinafter referred to as plaintiff, commenced an action in the district court to restrain the board of county commissioners of the county of Jefferson, plaintiff in error, hereinafter

referred to as defendant, from opening, laying out, and establishing a road over and across lands claimed by the plaintiff. Lakewood Grange, No. 172, an association, upon petition, was granted leave to intervene. Trial was to the court, and its judgment was entered for the plaintiff, to review which judgment, the defendant and intervener prosecute this writ of error.

The evidence, in which there was practically no dispute, discloses the following facts: In 1890, Charles C. Welch and associates were the owners of a certain tract of land in Jefferson county, and on August 21st of that year, caused the same to be platted, and the plat thereof to be recorded in the office of the county clerk and recorder of Jefferson county. The tract, thus platted, was called Lakewood, and was divided into lots and blocks, avenues, streets and alleys. There are 48 lots in each block, and 96 blocks in the tract. The streets upon said plat or map are 60 feet in width. Block 96 lies in the extreme north-west corner of the plat, and directly to its south, separated only by a street 60 feet in width, lies the property of the plaintiff.

The plaintiff acquired title to the north half of block 95 in 1903, and immediately had the land acquired surveyed, and her lines established. She erected buildings, planted shrubs, lawn and trees on, took possession of, and fenced 30 feet of the street immediately to the north of her property. She remained in quiet and peaceable possession thereof until August, 1927, when the defendant threatened to tear down her buildings, destroy her shrubs, lawn, trees and fences, and open a road 60 feet in width between blocks 96 and 95.

At the time the plat was filed with the county clerk and recorder, it contained the following, which is characterized by the parties to this action as a dedication of "the avenues, streets and alleys": "Know all men by these presents; That we, Charles C. Welch, William A. H. Loveland and Miranda Loveland, all of the County of Jefferson and State of Colorado, have laid out and

platted the parcels thus shown on this plat a map, towit:
*   *   *   under the name and style of Lakewood, and
do, by these presents, grant to the public uses all
streets, avenues and alleys as shown and designated
hereon,   *   *   *.''

In June, 1927, certain persons residing in the vicinity
of plaintiff's lands, petitioned the defendant to open and
establish the 60 foot strip of land between blocks 95 and
96 as a road, and this the defendant will do unless re-
strained by order of court. The evidence discloses that
the opening of the road will greatly depreciate the value
of plaintiff's premises for residence purposes.

The defendant and intervener assert in their briefs that
''Lakewood, where the said street is sought to be opened,
is and has been for many years a village. It is not con-
tiguous, nor is it an addition to any city or town. The
plat was made and filed as provided by statute and is
in every way a statutory dedication.''

We understand counsel for the defendant and inter-
vener to be committed to the position that when Welch
and associates made the map or plat, and caused the
same to be filed in the office of the county clerk and
recorder of Jefferson county, that that constituted a stat-
utory dedication. Counsel rely for their entire support
for this position upon sections one to eight, inclusive,
of article eleven, chapter 84 of the Revised Statutes of
Colorado, 1868, which are found in sections 9109–9116,
C. L. 1921. It is conceded that the map or plat was filed
in accordance with the provisions of that act, and if that
act was in force in 1890, the date of the filing of the map
or plat, then the title to the streets and alleys delineated
upon it, became the property of the county, and this con-
stituted a statutory dedication. Counsel for the plaintiff,
however, assert that sections one to eight, inclusive,
article eleven, chapter 84 of the Revised Statutes of
Colorado, 1868, were repealed by section 2745, General
Laws, Colorado, 1877, and also concede that unless the
effect of section 2745 was to repeal the sections men-

tioned, that the plaintiff cannot prevail. Section 2745 is as follows: ''All general laws providing for the organization and government of incorporated cities and towns in the state of Colorado are hereby repealed; provided, that the existence of cities and towns heretofore incorporated within the state, which shall choose to retain their present organization shall not be affected, nor the power or duties thereof in any manner changed or abridged, by any provisions of this act.''

In *City of Leadville v. Coronado M. Co.*, 29 Colo. 17, 23, 24, 67 Pac. 289, where the court had under consideration the effect of section 2745, supra, it is said:

''For a proper discussion of the questions involved, it is necessary at the outset to determine whether or not sections one and two of article eleven of chapter 84 of the Revised Statutes (R. S. '68, p. 618) were repealed by the act of 1877. We are of opinion that the act of 1877 (G. L. '77, p. 876, 2 Mills Ann. Stat. § 4373) expressly repeals the article of the Revised Statutes referred to. An inspection of the statutes shows that section 2648 down to the first proviso is, in substance, a re-enactment of section twelve of article eight of said chapter 84, and that the first proviso contains the requirements that such plat shall not be filed for record until approved by three-fourths of the members elected to the city council, and that it shall show the topography of the territory. This proviso also re-enacts, in substance, section six of said article eleven, repealed in 1870. The subject embraced by section five of said article eleven appears in the General Laws as section 2547. The general repealing clause of the act of 1877 is as follows: 'All general laws providing for the organization and government of incorporated cities and towns in the state of Colorado are hereby repealed.' Sections one and two of article eleven of chapter 84, which are in controversy, are sections concerning the organization of cities and towns as well as the annexation of additions thereto. They provide that whenever a city, town, or village, or

any addition to a city, town, or village, shall be laid out, the owner or proprietor shall cause a plat to be filed, what that plat shall contain, and the manner of executing and recording it. By reference to section one of article one of chapter 84, and section 2642 of the General Laws, it will be seen that the law of 1877 requires that when the inhabitants of any territory desire to be incorporated, they shall file with their petition 'an accurate map of the territory sought to be incorporated,' and that the only substantial change made in section one of article one of chapter 84 is concerning the filing of the map or plat. The act of 1877 appears to be a comprehensive act upon the subject of municipal corporations; it appears to cover the whole subject-matter, and plainly shows an unmistakable intention on the part of the legislature to make the act of 1877 a substitute for the law of 1868."

We therefore conclude that sections one to eight, inclusive, supra, were repealed by section 2745, G. L. 1877, and that none of these sections had any application to the plat or map filed in 1890. The 1877 law respecting the organization and government of incorporated towns and cities was full and complete, and in effect substituted itself for existing laws for which it purported to be a substitute.

Counsel for defendant and intervener take the position that section 2745, supra, repeals only those existing laws providing for the organization and government of cities and towns, and therefore, that sections one to eight, supra, are still in force and effect respecting villages. This is highly technical, and we shall dispose of it by quoting section five (§ 9113, C. L. 1921), and calling attention to the fact that the term village is not used therein: "Upon the filing of any such map or plat, the fee of all streets, alleys, avenues, highways, parks, and other parcels of ground reserved therein to the use of the public, shall vest in such city or town, if incorporated, in trust, for the uses therein named and expressed; or if

such town be not incorporated, then in the county, until such town shall become incorporated, for the like uses.''

We therefore conclude that the map or plat was not made and filed under the statutes existing in 1890, and that there was no statutory dedication of the streets and alleys upon the map or plat.

''* * * Incomplete or defective statutory dedications, however, will often be sustained as common-law dedications, and if the roads and streets marked on the defectively executed or recorded plat are accepted by the public, they will become public highways. * * *'' 1 Elliott, Roads and Streets (4th Ed.), p. 141, § 124.

In *City of Denver v. D. & S. F. Ry. Co.,* 17 Colo. 583, 585, 31 Pac. 338, we held: ''To constitute a road a public highway at common law there must be both a dedication and an acceptance, either express or implied. Unless otherwise provided by statute, a dedication without acceptance is, in law, merely an offer to dedicate, and such offer does not impose any burden, nor confer any right, upon the public authorities, unless the road is accepted by them as a highway, * * *.''

In *John Mouat Lumber Co. v. City of Denver,* 21 Colo. 1, 3 et seq., 40 Pac. 237, we find:

''There was no statutory dedication by the filing of the plat, * * * It is equally clear, we think, that there was a common law dedication by the owner of the pieces of land in controversy, * * * After the filing of the plat, the owners of the territory platted, from time to time, sold lots in this addition with reference to this plat. Although these lots were sold to private parties, they were deeded by reference to the plat, and the grantors and their privies are estopped from denying the dedication to the public of the streets and alleys marked thereon. This is the rule established in *The City of Denver v. Clements, supra.* The decision in the Clements case was affirmed in the subsequent case of *Ward v. Farwell,* 6 Colo. 66. In both cases the following language from Mr. Angell is quoted with approval:

'' 'It may be stated, as a general rule, that, where the

owner of urban property, who has laid it off into lots, with streets, avenues, and alleys intersecting the same, sells his lots with reference to a plat in which the same is so laid off, or where, there being a city map in which this land is so laid off, he adopts such map, by sales with reference thereto, his acts will amount to a dedication of the designated streets, avenues and alleys to the public.' Angell on Highways, sec. 149. * * *

"It must, however, be conceded that the rule contended for by appellant—that such platting and sale of lots constitute a dedication of the streets and alleys delineated upon the plat only as between the grantors and purchasers from them, and that so far as the city is concerned such acts amount to a mere offer of dedication which may be withdrawn at any time prior to acceptance by the public authorities of the city—is well supported by both reason and authority. *The City of Chicago v. Drexel*, 141 Ill. 89; *The People v. Reed et al.*, 81 Cal. 70, and cases cited."

In *Town of Manitou v. International Trust Co.*, 30 Colo. 467, 483, 70 Pac. 757, upon petition for rehearing, a review of the cases in this state is made, and from it the law was established as follows:

"By these decisions, it is settled:

"That the sale of lots by reference to a recorded map or plat upon which are shown public places is an offer to dedicate such public places to public use, and that the offer may not be withdrawn at the pleasure of the grantor.

"That there must be an acceptance, express or implied, of such offer by the public authorities within a reasonable time; and that unless the offer is accepted within a reasonable time, the public may lose its right to accept.

"That the question as to whether there has been an acceptance within a reasonable time, depends upon the facts and circumstances of the particular case.

"That within a reasonable time after an offer to dedicate, as shown by the sale of lots, the public authorities may take possession of public places designated as such

on a plat or map, and, in doing so, may rely upon the act of the grantor in making sale of lots by reference to such map or plat.

"That unless the public authorities, within a reasonable time, accept such offer to dedicate, they lose their right to accept, and the municipality loses its right to the places designated on such plat as public places."

It is necessary in order to constitute a public street or highway, at common law, that there be both a dedication and acceptance. It is also true that a dedication without an acceptance is merely an offer to dedicate, which may, under some circumstances, be withdrawn. It is equally true that until there is an acceptance, respecting a common law dedication, the public acquires no interest in the streets and assumes no duties with reference thereto. It would also seem to be the general rule, that in order to constitute an acceptance, it must be made by the proper authorities within a reasonable time, or the right to accept may be lost.

We are not required to determine whether or not the doctrine of adverse possession can be applied to a statutory dedication, because we have determined that there is no statutory dedication before us for consideration. Nor are we required to determine whether or not adverse possession will apply to a completed common law dedication, for, as we have said, until an acceptance by the public, this dedication is merely an offer to dedicate.

The public acquired no rights whatever in this platted street until expressly or impliedly accepted, and prior to an acceptance the rights of the plaintiff intervened, through adverse possession, and in effect, withdrew the offer to dedicate.

The present case presents one in which every element necessary to constitute adverse possession is found, and the statute respecting the same applies.

Judgment affirmed.

Mr. Chief Justice Whitford, Mr. Justice Adams and Mr. Justice Campbell concur.