No. 14,567.

HUNT v. BREWER ET AL.
(91 P. [2d] 485)

Decided May 22, 1939.

Mr. HARRY BEHM, for plaintiff in error.

Mr. F. F. HUNTER, Mr. WM. F. McGLONE, for defendants in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

PLAINTIFF in error, plaintiff below, brought suit to enjoin defendants from misusing, as she alleged, a street which she contends is dedicated to public use. The trial court refused the injunction and dismissed the complaint. Reversal is sought on application for supersedeas, both sides requesting that disposition be made of the matter on the application. Reference will be made to the parties as they appeared in the court below.

The tract in controversy is a part of Columbia avenue, in the town of Derby, located just north of Denver, in Adams county. The original townsite was platted November 15, 1889, but there never has been any acceptance of the dedication. The recorded plat shows Columbia avenue extending through the land here involved (lots 3 and 4 Brewers Resubdivision infra), and between lots 40 and 49 according to the original plat, owned by plaintiff.

September 22, 1933, defendants Tipton Brewer and Pearl E. Brewer subdivided and replatted Block 50 of the original townsite, including a part of Blocks 39 and 50, recording a plat thereof, and vacated the part of Columbia avenue as indicated on the following map:

This action was taken after a portion of Block 39 had been conveyed to the highway department for a right of way for State Highway No. 34 (U. S. Highway No. 6). Afterwards, the Brewers conveyed lots marked 3 and 4 (being the land included in Columbia avenue between Ivan street and the highway) to defendant Maddox who was planning to erect buildings thereon at the time this action was instituted.

Plaintiff grounds her action on the theory that since she is the owner of Blocks 40 and 49, as shown on the map, between which Columbia avenue extends, she has an absolute legal right to have the avenue maintained as originally platted. The legal proposition upon which she relies may be stated as follows: "It is very generally recognized that any citizen, if likely to be injured in his individual rights with respect to his property by a misuser or diversion of dedicated property, may maintain an action to enforce or preserve the use." 18 C. J. 131, §174. This right, however, is not absolute, and may be lost by failure of acceptance and nonuser in connection with other circumstances indicating an intent not to use the property for the purpose to which it was dedicated. 18 C. J. 125.

In the case at bar, there is nothing in the evidence to indicate that there ever had been any acceptance by either the town or county over a period of fifty years. Columbia avenue never had been used as a street; never had been graded, and was not considered to be a street when the state highway was built through the town.

Plaintiff admits there has been no statutory dedication, but says there is a continuing offer of common-law dedication. This is not enough. An acceptance thereof is necessary. *Commissioners v. Warneke,* 85 Colo. 388, 276 Pac. 671.

If the defendants are chargeable with misuse, so is the plaintiff, as is indicated by the testimony of one of her witnesses, her husband, who admitted that her land "is just farm land, it is not platted at all"; that the

whole plat east of Ivan street "has been vacated for a long time," and had been vacated by her father. Such a practice for over thirty years has been held to withdraw a dedication. *Venice v. Madison County Ferry Co.*, 216 Ill. 345, 75 N. E. 105.

Where there has been no statutory dedication, but only a common-law offer to dedicate the streets and alleys marked on a plat of a subdivision, and no acceptance or user of any portion of such streets and alleys, the execution and recording of proper deeds of vacation withdraws and cancels that portion of the plat included in such deeds. *Casey v. Chicago*, 263 Ill. 147, 104 N. E. 1025.

Damages claimed by plaintiff are wholly prospective and speculative as is indicated by her husband's testimony when in response to the question, "You are basing your damages on sometime in the future—you might want to plat this ground and sell it, is that it?" he replied, "That is right." He also admitted he "wouldn't know how to estimate the damages on it."

There can be no question of ingress to, or egress from, plaintiff's property, because, as clearly appears from the map, she has ready access to the state highway over both Ivan and Cabot streets. *Whitsett v. Union Depot & Ry. Co.*, 10 Colo. 243, 249, 15 Pac. 339.

As to pleading in cases of this character, we have held that a mere allegation of irreparable injury is insufficient; that the facts must be stated. *Crisman v. Heiderer*, 5 Colo. 589, 594. We adhere to that holding in the present case.

Our conclusion is that the trial court was right in denying the injunction.

Judgment affirmed.

MR. JUSTICE YOUNG and MR. JUSTICE BURKE concur.