63 So.2d 256 (1953)
BOARD OF COUNTY COM'RS OF HIGHLANDS COUNTY
v.
F.A. SEBRING REALTY CO.
Supreme Court of Florida, en Banc.
February 13, 1953.
Rehearing Denied March 10, 1953.
*257 Haskins & Bryant, Sebring, and Keith E. Collyer, Avon Park, for appellant.
Holland, Bevis & McRae, Wm. A. McRae, Jr. and Chesterfield H. Smith, Bartow, and M.R. McDonald, Sebring, for appellee.
HOBSON, Chief Justice.
This case is very similar to the recent case of Mumaw v. Roberson, Fla., 60 So.2d 741. The real questions involved in both cases were (1) whether there had been a formal acceptance of an offer to dedicate certain streets to public use; (2) whether there had been an acceptance of the offer to dedicate by public user.
In each of these cases the plat was filed for record after the enactment of Section 177.10, F.S.A. and in each instance there had been compliance therewith. However, the point was not raised in the Mumaw case that compliance with Section 177.10, supra, amounted to a formal acceptance of the offer to dedicate. This question is raised in the instant suit.
Section 177.10, supra, reads:
"Certificate of approval to be placed on map or plat. Before said map or plat shall be presented to the county clerk for record, the owner or owners shall cause to be placed thereon a certificate of approval by the county commissioners, town board, or council, or the board of commissioners (in municipalities having a commission form of government) or their accredited representatives, having jurisdiction over the land described in the said map or plat; however, such approval shall not bind the county commissioners, town board, city council or board of commissioners to open up and keep in repair any parcels dedicated to the public in any map or plat so offered, but they may exercise such right at any time."
It will be noted that the legislature failed to use any language which expressly discloses an intent that compliance with Section 177.10, supra, would amount to a formal acceptance of the offer to dedicate. On the contrary, the wording used in the act indicates rather clearly that the legislature had no such intent because the statute expressly provides "such approval shall not bind the county commissioners, town board, city council or board of commissioners to open up and keep in repair any parcels dedicated to the public in any map or plat so offered, but they may exercise such right at any time."
Since the representatives of the public who it is provided shall approve the map or plat before it is presented to the county clerk for record are not bound after such approval to open up and keep in repair *258 any parcels of land dedicated to the public, but may exercise such right at any time, it occurs to us that the mere act of approval required by the statute should not be construed as a substitute for, or considered as, a formal acceptance. Nor do we believe that our statute was intended to change the established law in this jurisdiction that there must be a showing of a formal acceptance of an offer to dedicate land for public use or an acceptance by public user before it can be said that land so offered for dedication has actually been accepted. Under the common law formal acceptance or acceptance by public user had to be established by "clear, satisfactory and unequivocal" proof, and this has always been the rule in Florida. We find no reasonable basis for departing therefrom because of the enactment of Section 177.10, supra.
Moreover, compliance with Section 177.10, supra, is merely a prerequisite to the presentation of a map or plat to the County Clerk for the purpose of recording it. There are many salient reasons why a map or plat should be presented for approval to "the county commissioners, town board, or council, or the board of commissioners (in municipalities having a commission form of government) or their accredited representatives, having jurisdiction over the land described in the said map or plat". Such Board or Boards should have the opportunity of examining a proposed map or plat before it is recorded in order to determine whether the streets, alleys and parks offered for dedication are properly located and whether they have appropriate dimensions. This is also true with reference to the lots themselves as depicted on the map or plat. The approval of a map or plat containing an offer to dedicate as a prerequisite to its recordation should not be declared the equivalent of a formal acceptance of the offer to dedicate when the statute fails expressly to declare such approval to be a formal acceptance of an offer to dedicate and such intent is not ascertainable by necessary implication.
Upon the question whether acceptance by public user was established by the evidence we have concluded that the finding of fact made by the Chancellor upon this point should be upheld. It is fundamental that the burden of proving acceptance by public user is upon the party who asserts it. The learned Chancellor decided that such requirement had not been met. The testimony is conflicting but we should not substitute our judgment for that of the Chancellor upon a question of fact when the record, as in this case, contains competent substantial evidence in support of his conclusion.
Affirmed.
TERRELL, SEBRING, ROBERTS and MATHEWS, JJ., concur.
DREW, J., concurs in conclusion.
THOMAS, J., dissents.