No. 18,867.

ROSE LITVAK, ET AL. *v*. ORLO RAY SUNDERLAND.
(353 P. [2d] 381)

Decided June 13, 1960.   Rehearing denied July 11, 1960.

Mr. HARRY A. FEDER, Mr. MILTON MORRIS, Mr. RONALD J. HARDESTY, for plaintiffs in error.

MR. GLEN L. DALY, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE KNAUSS.

ON March 11, 1957, Rose Litvak and Sam Horwitz, owners of lots adjacent to defendant's property, filed an amended complaint against Orlo Ray Sunderland and the Board of County Commissioners of the County of Jefferson, wherein they prayed that the court find and determine that Ames Street lying between West 16th Avenue and West 17th Avenue "is a public highway and that the title thereof is now vested in and at all times herein has been vested in the County of Jefferson, State of Colorado" and that defendant Sunderland "is trespassing upon said portion of Ames Street upon which he has erected and maintains a fence and that said defendant be ordered * * * to remove immediately said fence from the confines of the street." The complaint further prayed for $2,500 damages against defendant Sunderland.

The Board of County Commissioners filed an answer to the amended complaint in which it was stated that said amended complaint "fails to state a claim against this defendant upon which relief can be granted. A cross-claim was also filed by said Board against defendant Sunderland in which it was alleged that the fence referred to in the amended complaint "is an unlawful obstruction of a public highway and is a public nuisance." The County Commissioners prayed that defendant Sun-

derland be ordered to forthwith remove that part of the fence standing within Ames Street.

Sunderland filed his answer to the amended complaint in which he alleged that it failed to state facts sufficient to constitute a claim, and further denied most of the allegations of the amended complaint; admitted that his wife acquired title to this land in 1939 and she in turn conveyed the record title to Sunderland in October 1941. He admits that Ames Street is so designated on the plat of "Edgewater" and is shown to be 60 feet in width and that said so-called street abuts his lots numbered 13 to 24 in Block 17 of "Edgewater." He further admitted constructing the fence complained of in 1939 and that in June 1956 the Board of County Commissioners requested him to remove the fence, which he declined to do. He alleged that no part of said platted land is in any City or town, but was located in an unincorporated area in the County of Jefferson; that the plat of "Edgewater" filed in 1889 was a common law offer to dedicate to the public use the designated streets shown thereon and that said offer was not accepted by the public authorities, the public, or by any person or persons on their behalf within a reasonable time, or at all. That in the absence of such acceptance, the owners of the abutting lots became the owners of said street to the center thereof, subject only to the easement for a public street upon acceptance by the public of the offer of dedication within a reasonable time. Sunderland further alleged that the designated Ames Street not having been accepted or put to use for fifty years or more was abandoned and vacated, and that in 1939, he, Sunderland, planted trees and shrubs on "his" east half of said street, together with a fence, as part of the landscaping of "his" property. He further contends that plaintiffs are estopped from claiming or asserting at this time any easement or right-of-way across that portion of Ames Street enclosed by his fence.

The facts in the case were stipulated by the parties and after full argument in the trial court and the submission of briefs the trial court found in favor of Sunderland, dimissing the complaint. We quote from the findings and conclusions of the trial judge:

"In this case we conclude that between the year 1889, the year the map or plat was filed for record and recorded, and 1939, when defendant Orlo Ray Sunderland built his home and fenced in a portion of the street as set forth in the agreed statement of facts, neither the public nor the public authorities have made any attempt to accept said dedication insofar as the property described in the complaint is concerned. We conclude therefore that there was no acceptance of the offer to dedicate within a reasonable time. We further conclude that defendant Orlo Ray Sunderland is the owner of the east 30 feet of the so-called Ames Street adjacent on the west to Lots 13 to 24 inclusive of Block 17, Edgewater. We further conclude that neither plaintiffs by virtue of their amended complaint nor defendant Board of County Commissioners of the County of Jefferson, State of Colorado by virtue of its cross claim, are entitled to any relief and that the amended complaint and the cross claim should be dismissed."

We are not called upon to determine who owns the east thirty feet of the so-called Ames Street adjacent on the west to lots 13 to 24 inclusive of Block 17, Edgewater. As was said in *Hand v. Rhodes,* 125 Colo. 508, 245 P. (2d) 292:

"* * * This is not an action to determine title, and the question of title is involved here only to the extent of determining the relative rights as between the parties. As we have pointed out, the record in this case is completely devoid of any evidence in support of plaintiffs' contention that the parcel of land in controversy is a public way or alley; hence, defendant's title becomes immaterial. *Board of County Commissioners v. Warneke, supra.*"

It is not contended by plaintiffs that they, or either of them, have any title to the strip of land fenced by Sunderland. Plaintiffs' claim to relief is based on their being a part of the public, and obviously their right to injunctive relief, if any, is dependent upon an acceptance by the public authority of the offer to dedicate Ames Street contained in the 1889 plat, as above indicated, which acceptance was never made.

█ The rule is well settled in this jurisdiction that the sale of lots by reference to a recorded map or plat upon which are shown public places is an offer to dedicate such places to public use, and that there must be an acceptance of such offer by the general public or by the public authorities within a reasonable time. If there has been no acceptance within a reasonable time the public right to accept may be lost. *Manitou v. International Trust Co.* 30 Colo. 467, 70 Pac. 757; *Fortner v. Eldorado Springs Resort Co.* 76 Colo. 106, 230 Pac. 386; *Jefferson County v. Warneke,* 85 Colo. 388, 276 Pac. 671; *Hand v. Rhodes,* supra.

In *Jefferson County v. Warneke,* supra, after first reviewing existing cases in this jurisdiction, the court states:

"It is necessary in order to constitute a public street or highway, at common law, that there be both a dedication and acceptance. It is also true that a dedication without an acceptance is merely an offer to dedicate, which may, under some circumstances be withdrawn. It is equally true that until there is an acceptance, respecting a common law dedication, the public acquires no interest in the streets and assumes no duties with reference thereto. It would also seem to be the general rule, that in order to constitute an acceptance, it must be made by the proper authorities within a reasonable time, or right to accept may be lost. * * *

* * *

"The public acquired no rights whatever in this platted street until expressly or impliedly accepted, and

prior to an acceptance the rights of the plaintiff intervened, through adverse possession, and in effect, withdrew the offer to dedicate."

In *Manitou v. International Trust Company,* supra, the trial court held that a certain parcel of land had never been dedicated to the public use and if there had been a dedication, the public had not accepted it. This court affirmed the trial court and stated in part as follows:

"The right of the public authorities to public property conveyed by dedication depends altogether upon whether there has been an acceptance, express or implied, of the dedication. Where the proprietor of lands sells lots with reference to a plat on which a public place is designated, he is estopped to deny the existence of such public place, because of his representation that there is and will be such a place devoted to public use; but the right to have such place devoted to public use is a right to be exercised by the grantee only, and *the city authorities cannot base their right to a public place upon the single act of the proprietor of land selling lots by a plat upon which a public place has been designated. There must be an acceptance of the dedication by the public authorities, and until such acceptance the act of the proprietor in selling lots amounts to a mere offer to dedicate, and may be withdrawn.*" (Emphasis supplied.)

In *Hand v. Rhodes,* supra, this Court refutes an argument that dedication of a public alley had not been accepted, in the following language:

"It is not shown that the Town of Fairplay, at any date subsequent to 1912, took any official action to declare the controverted strip an alley. It did not regard or treat it as an alley, nor do any work whatsoever in the way of improving or maintaining it as such. There was no acceptance, express or implied. See, *City of Denver v. Denver & Santa Fe Railway Co.,* 17 Colo. 583, 585, 31 Pac. 338."

Plaintiffs there sought an order restraining defendants from blocking a strip of land adjoining and allegedly

the only means of access to the rear of plaintiff's property on the ground, inter alia, that the strip was a public alley. A judgment in favor of plaintiff was reversed and the trial court ordered to dismiss the complaint.

At least fifteen other states have adopted the rule that acceptance of an offer of dedication must be made within a reasonable time or the public loses the right to accept. See cases collected in 66 A.L.R. 32, page 325.

In the present case the stipulated facts uncontrovertably show that the plat of Edgewater, offering certain streets for the public use, was filed of record in the year 1889; that the strip of land in question was never improved, used or maintained as a street by the public, or by any public authority; that defendant fenced and landscaped a portion of said land in the year 1939, and that no objection was raised to such action until the year 1956 at which time the strip of land still remained unimproved and unused as a public street or right-of-way. Therefore, the general public or the proper authorities did not accept the offer of dedication within a reasonable time, for the offer remained unaccepted over a period of approximately sixty-six years.

The judgment of the trial court is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE FRANTZ concur.