417 P.2d 54

Leon H. WATSON and Arva C. Watson, his wife, Plaintiffs-Appellants,

v.

CITY OF ALBUQUERQUE, New Mexico, Defendant-Appellee.

No. 7774.

Supreme Court of New Mexico.

July 18, 1966.

Hines & Mistretta, Albuquerque, for appellants.

Frank Horan, Threet, Threet, Glass & King, Albuquerque, for appellee.

## OPINION

CARMODY, Chief Justice.

Plaintiffs appeal from the trial court's dismissal of a declaratory judgment suit, which sought to have a right-of-way called

Caminito del Lado, N.W., declared to be a public street, twenty-eight feet in width.

Although the trial court based its decision on more than one ground, it is only necessary for us to consider whether or not there was a common-law dedication of the street.

The findings of the trial court are substantially as follows: The land is a right-of-way in the City of Albuquerque, which deadends at one extreme but has an outlet at the other. The street is shown on two plats, one filed in 1891 showing a 16-foot right-of-way, and the other filed in 1911 showing a right-of-way of twenty-eight feet. The 1911 plat contained no dedication and is deficient in other respects. Some of the deeds to lots were issued with reference to the 1911 plat, but the property owners of certain of these lots did not rely upon the plat and at least some of them built in accordance with the 1891 plat and improvements of at least six lots extended to the alley line as shown on the 1891 map. The name of the street was suggested by the plaintiffs and accepted by the city as a matter of accommodation. The right-of-way of approximately sixteen feet has been maintained on an irregular basis by the City of Albuquerque; it has also been used by the city for the purpose of collecting garbage, by certain public utility companies for the erection of power poles, and has never been assessed for taxes. The city commission rejected any attempted dedi-cation of the right-of-way as a public street.

The trial court concluded that there had been no common-law dedication and no common-law acceptance of the right-of-way of the public street. A similar conclusion was made with reference to a statutory dedication, but this latter is of no consequence because it is admitted by plaintiffs that there was not a proper statutory dedication.

At common law, there must be both an offer of dedication by the owner and an acceptance by the city to constitute a complete dedication, John Mouat Lumber Co. v. City of Denver, 1895, 21 Colo. 1, 40 P. 237; People v. Rio Nido Co., 1938, 29 Cal.App.2d 486, 85 P.2d 461. It is well settled that an owner of property cannot, simply by making a plat, impose the burden of dedication upon a municipality. The offer of dedication cannot bind the city until it has been accepted, Hand v. Rhodes, 1952, 125 Colo. 508, 245 P.2d 292; Hunt v. Brewer, 1939, 104 Colo. 375, 91 P.2d 485; Board of Comm'rs of Jefferson County v. Warneke, 1929, 85 Colo. 388, 276 P. 671; Town of Springfield v. Newton, 1947, 115 Vt. 39, 50 A.2d 605; compare City of Carlsbad v. Neal, 1952, 56 N.M. 465, 245 P.2d 384; State ex rel. Shelton v. Board of Com'rs of Bernalillo County, 1945, 49· N.M. 218, 161 P.2d 212, involving statutory dedication. The city's liability by acceptance arises only when it has done·

some act which unequivocally shows an intent to assume jurisdiction over the property dedicated, De Castello v. City of Cedar Rapids, 1915, 171 Iowa 18, 153 N.W. 353. Appellant refers us to several cases in which, under the facts there stated, it was determined that the city had exercised dominion and control in such a way as to signify an acceptance. However, the cases cited are quite distinguishable or state a rule which is not applicable under findings in this case which we accept as conclusive because of the complete failure to make any attack upon them.

■ The fact that a city has, on an irregular basis, plowed or repaired a street, does not, by itself, establish an acceptance by the city, La France v. Town of Altamont, 1950, 277 App.Div. 917, 98 N.Y.S.2d 518. Nor does the use of the right-of-way by the city for collection of garbage, Sarty v. Millburn Township, 1953, 28 N.J.Super. 199, 100 A.2d 309, or installation of a street sign, People v. Underhill, 1895, 144 N.Y. 316, 39 N.E. 333, or the giving of permission to a utility company to erect poles in the right-of-way under a general franchise. In re Wallace, Barnes and Matthews Aves. in City of New York, 1917, 222 N.Y. 139, 118 N.E. 506, or the omission by the city to assess the right-of-way for taxes, West Hialeah Mfg. Co. v. City of Hialeah (Fla. App.1961), 134 So.2d 505; Johnson v. City of Niagara Falls, 1920, 230 N.Y. 77, 129 N.E. 213, by themselves establish an acceptance by the city.

■ The burden was here on the plaintiff to prove acceptance by the city, 11 McQuillen, Municipal Corporations, 3d ed., § 33.59, and such proof must be "clear, satisfactory and unequivocal," Robinson v. Town of Riveria, 1946, 157 Fla. 194, 25 So. 2d 277; Board of County Com'rs of Highlands County v. F. A. Sebring Realty Co. (Fla.1953), 63 So.2d 256; City of Beckley v. Crouch, 1929, 107 W.Va. 342, 148 S.E. 198; 11 McQuillen, Municipal Corporations, 3d ed., § 33.54.

■ The trial court not only heard the witnesses but viewed the premises, and, on the basis of the facts found, we do not believe that it committed any error in concluding that the acts of the defendant did not show an exercise of dominion and control over the right-of-way in such a manner as to constitute an acceptance of a public street as a matter of law, as claimed by the plaintiffs. Of course, the issue of whether there had been acts which would constitute an acceptance is a question of fact, City of Carlsbad v. Neal, supra, although what constitutes acceptance under any given state of facts is a question of law, 11 McQuillen, Municipal Corporations, 3d ed., § 33.59.

The judgment will be affirmed. It is so ordered.

Moise and Compton, JJ., concur.