Victor B. GINSBERG et al.,
Plaintiffs-Appellees,

v.

STANLEY AVIATION CORPORATION, a
corporation, Defendant-Appellant,

Sacol, Inc., a corporation, and Robert
M. Stanley, Defendants.

No. 75–197.

Colorado Court of Appeals,
Div. III.

Dec. 26, 1975.

As Modified on Denial of Rehearing
April 1, 1976.

Certiorari Granted July 6, 1976.

Leon Ginsberg, Charles J. Onofrio, Denver, for plaintiffs-appellees.

Dawson, Nagel, Sherman & Howard, Craig A. Christensen, Denver, for defendant-appellant.

RULAND, Judge.

Defendant Stanley Aviation Corporation appeals from a judgment quieting title in plaintiffs to certain real property. The other defendants claim no interest in the disputed property and are not involved in this appeal. We reverse.

The following facts pertinent to this appeal are not in dispute. In 1889, New England Investment Company filed a subdivision plan for New England Heights subdivision wherein Lind Street was dedicated as one of the roadways in the subdivision. In 1947 the City of Aurora filed a master street plan and denominated the former Lind Street as Dallas Street. The area in dispute in this litigation is that part of Dallas Street located between blocks 9 and 10 of the subdivision, and the property in controversy is referred to in this opinion as Dallas Street.

In October of 1953 Stanley acquired Block 10 to the west of Dallas Street for the purpose of erecting a factory. The deed described the property by reference to the subdivision plat. In March and April 1954, plaintiffs' predecessor, Bradford & Company, acquired Block 9 to the east of Dallas Street from Henry Wieman, and obtained a deed to Dallas Street from Napoleon Baril. The officers of Bradford were aware that Baril did not hold record title to Dallas Street; however, he was occupying the property and residing in a shack there. Bradford conveyed Dallas Street and its other property to plaintiffs E. Clifford Heald and Victor B. Ginsberg by separate deeds later in 1954, and thereafter an interest in both properties was conveyed to plaintiff Rallie Ginsberg.

Plaintiffs installed a truck bed on the property for the purpose of storing certain items and erected a fence along the west boundary of Dallas Street in May of 1954 adjacent to the Stanley property. Shortly thereafter, Stanley removed the fence in connection with construction of its factory. Between the summer of 1954 and 1959, Stanley paved the east side of its property together with Dallas Street for parking purposes, installed concrete bumpers on Dallas Street for aligning the vehicles that were parking there, and installed certain traffic signs. Stanley considered Dallas Street to be a city street and used the area for parking its vehicles and those of its business associates. The area was also used by members of the general public for parking from time to time. Plaintiffs took no action to interfere with Stanley's use of Dallas Street.

In 1963, plaintiffs initiated suit against the City of Aurora and New England Investment Company seeking to quiet title to Dallas Street. The present defendants were not named as parties in that litigation. Plaintiffs alleged in their complaint that they were the owners and "in possession of" Dallas Street. Following a trial, a decree was entered in favor of plaintiffs in

which the court stated that "the averments of the complaint are true" and that plaintiffs were "the owners in fee simple, with right to possession" of Dallas Street. In 1970, the City paid plaintiffs for an easement through Dallas Street for sewer purposes.

Plaintiffs filed this action against the present defendants in December of 1971 to quiet title, to recover possession of Dallas Street, and for damages. Defendants answered denying that plaintiffs held title and claimed title for Stanley under the 18-year adverse possession statute, § 38–41–101, C.R.S.1973, as well as damages. Trial was to the court, and it entered findings of fact and conclusions determining that since Stanley was holding the property and using it based upon a claim that it was a city street, and since the City had no title by virtue of the 1963 decree, Stanley's claim had no merit. The trial court also determined that title should be quieted in and possession awarded to plaintiffs based upon its 1963 quiet title decree and the provisions of § 38–41–111(1), C.R.S.1973, which provides:

> "No action shall be commenced or maintained against a person in possession of real property to question or attack the validity of . . . any final decree . . . of any court of record in this state . . . when such document is the source of . . . the title . . . if such document has been recorded . . . for a period of seven years."

■ Stanley contends that the trial court erred in awarding title and possession to plaintiffs based upon the above quoted statute. We agree. In order for plaintiffs to prevail under § 38–41–111(1), C.R.S. 1973, it must be shown that they were in actual possession of the property in controversy at least at the time that this case was filed. *Federal Farm Mortgage Corp. v. Schmidt,* 109 Colo. 467, 126 P.2d 1036; *Board of County Commissioners v. Blanning,* 29 Colo.App. 61, 479 P.2d 404. It is not disputed that Stanley was in actual possession of Dallas Street along with other members of the general public.

In support of the court's judgment, plaintiffs suggest that the title was properly quieted in them based upon the Baril deed as color of title together with the payment of taxes for seven years under § 38–41–108, C.R.S.1973. We disagree. Assuming that the Baril deed served as color of title, in order to prevail under this statute, plaintiffs must show that they were in actual possession of Dallas Street for the seven-year period. *See Radke v. Union Pacific R. R.,* 138 Colo. 189, 334 P.2d 1077. Despite the allegations to the contrary in their complaint filed in the 1963 quiet title proceeding, as admitted in the plaintiffs' brief: "It is somewhat apparent that plaintiffs were not seeking actual possession in the 1962–63 action, *as to this day they are still not in possession.*" (emphasis supplied)

Plaintiffs contend that notwithstanding the possession requirements of § 38–41–111 (1) and § 34–41–108, C.R.S.1973, the trial court's alternative finding that the quiet title decree served as prima facie evidence of plaintiffs' title was correct with the result that the burden shifted to Stanley to show a title superior to that of plaintiffs. Assuming, without deciding, that plaintiffs are correct in this contention, we conclude that the undisputed evidence established Stanley's right to use Dallas Street.

■ The recordation of a subdivision plat containing streets dedicated therein for the use and benefit of the public creates a potential right of use in two classes of users, *viz.,* the general public and the occupants of the subdivision who purchase their property by reference to the subdivision plan. 23 *Am.Jur.2d Dedication* § 59. Insofar as the public's rights are concerned, the act of recording constitutes a common law offer of dedication which must be accepted by the public within a reasonable time. *Litvak v. Sunderland,* 143 Colo. 347, 353 P.2d 381. As to the purchasers of subdivision property, their rights to use the streets as owners and occupants of property in the subdivision may be accomplished by actual use thereof. *See*

*Page v. Lane,* 120 Colo. 416, 211 P.2d 549; *see also Hunt v. Brewer,* 104 Colo. 375, 91 P.2d 485. Since the undisputed evidence reflects that Stanley purchased its property by reference to the subdivision plat and thereafter continuously used a dedicated street for access to and vehicle parking for the purchased property, we hold that a right of use was thereby established. *Page v. Lane, supra.*

While the prayer of Stanley's counterclaim requested a decree quieting a fee simple title in Dallas Street as distinguished from a right of use, C.R.C.P. 105 directs the court to adjudicate fully the rights of the parties in the subject property, and C.R.C.P. 54(c) directs that a party be awarded the relief to which he is entitled even though such relief has not been demanded in the pleadings.

The judgment is reversed and the cause remanded with directions to the trial court to enter judgment granting Stanley, plaintiffs, and their successors the right to use Dallas Street as occupants of the New England Heights subdivision.

SILVERSTEIN, C. J., and BERMAN, J., concur.