## No. C-960

**Victor B. Ginsberg, Rallie Ginsberg and E. Clifford Heald v. Stanley Aviation Corporation, a corporation**

(568 P.2d 35)

Decided August 15, 1977.                    Rehearing denied September 6, 1977.

Leon Ginsberg, Charles J. Onofrio, for petitioners.

Dawson, Nagel, Sherman & Howard, Craig A. Christensen, for respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Petitioners Victor B. Ginsberg, Rallie Ginsberg, and E. Clifford Heald (Ginsberg) brought this action in Adams County District Court under C.R.C.P. 105 to quiet title to and recover possession of a parcel of land in the City of Aurora, Colorado. The district court entered judgment for Ginsberg. Respondents Stanley Aviation Corporation, Sacol, Inc., and Robert M. Stanley (Stanley) appealed to the court of appeals, which reversed the district court judgment. *Ginsberg v. Stanley Aviation Corp.*, 37 Colo. App. 240, 551 P.2d 1086. We granted certiorari and now affirm the judgment of the court of appeals in part and reverse in part.

This action involves a parcel of land dedicated in 1889 as part of Lynn Street in New England Heights subdivision. The platting of this subdivision occurred at a time prior to the incorporation in 1891 of the Town of Fletcher, which subsequently became the City of Aurora. The subject property (a part of Lynn Street), lying between the southern one-half of Blocks 9 and 10 in the subdivision, was renamed Dallas Street on the master street plan filed by the City of Aurora in 1947. The north half only of Dallas Street between Blocks 9 and 10 was vacated by ordinance in May of 1949.

The record is not clear whether the property in question had ever been used as a street. However, for some time prior to 1953, the disputed tract had been used by the City as a dump.

Aurora had acquired title to Block 10, New England Heights, by treasurer's deed, and for a nominal consideration conveyed Block 10 and other parcels to Stanley in 1953. Stanley located and constructed its manufacturing plant on this site, which borders the subject property on the west.

In 1954, Bradford & Company acquired title to a portion of Block 9, which adjoins the parcel in question on the east. That same year, one Napolean Baril, who for some time had been living in a shack on the disputed

land, conveyed his interest therein by warranty deed to Bradford & Company. Bradford & Company thereafter fenced the two parcels so as to constitute one contiguous parcel. Both parcels were then conveyed by special warranty deed from Bradford & Company to Ginsberg. Baril had no record interest in the property, although the record is unclear when Ginsberg discovered this fact.

Ginsberg placed a truck bed on the property for storage purposes. Some time thereafter, Stanley removed the fence which had been erected separating the Ginsberg properties from Stanley's property.

Subsequently, Stanley paved the disputed tract and the east side of its own property as a parking lot. Both the Stanley people and the general public used the parking area, without interference from Ginsberg.

In 1963, Ginsberg brought a quiet title action, naming as defendants the former record owners of the tract in question, including, among others, The New England Investment Company, the County of Adams, the City of Aurora, and all unknown persons who claimed any interest in the subject matter of that action. Stanley, which was in possession of the property, was not named as a party. Only the City of Aurora filed an answer to the complaint. The complaint alleged that Ginsberg was in possession and had paid all general taxes legally assessed for more than seven years prior to the commencement of the action. The court found the allegations of the complaint to be true, specifically finding:

"* * * that said parcel of land has been legally assessed for general taxes for more than seven successive years prior to the commencement of this action and the plaintiffs and their predecessors in interest and title in and to said real property, under claim and color of title, made in good faith, have paid all taxes legally assessed thereon for more than seven successive years immediately preceding the commencement of this action and for each of the years, 1954, 1955, 1956, 1957, 1958, 1959, 1960 and 1961 * * *."

The court decreed that Ginsberg was the owner in fee simple with the right to possession of the subject property. Aurora did not appeal the decision in that action.

In recognition of Ginsberg's ownership of the tract in question, in 1970 the City of Aurora paid $7,615 to Ginsberg for an easement for sewer lines through the property.

In December 1971, Ginsberg filed this action to quiet title and to recover possession of the property from Stanley, and, in the alternative, for damages. At trial, Stanley abandoned its claim of ownership, admitting that it lacked the necessary eighteen years' adverse possession. Section 38-41-101, C.R.S. 1973. It claimed, however, that it had right to use the property, contending the property was a public street. The district court rejected this argument on the basis of the 1963 decree against Aurora, and quieted title in and awarded possession to Ginsberg, relying on Section 38-

41-111(1), C.R.S. 1973 (seven years' possession under recorded decree).

The court of appeals reversed. The court first rejected the district court's rationale because the record clearly showed that Ginsberg was not in possession of the property. Next, the court found that the dedication of the property as a street was accepted by Stanley's continuous use and thus the court granted Stanley the right to use Dallas Street as a public street. We granted certiorari to review this decision.

I.

We agree with the court of appeals that the district court was in error when it quieted title in Ginsberg against Stanley on the basis of section 38-41-111(1), C.R.S. 1973. The record is clear that Ginsberg was ousted of possession in 1954 when Stanley removed the fence from the disputed parcel and thereafter used the property as a parking area. Ginsberg admittedly never again took possession and was not in possession at the time this action was commenced. Actual possession, at least at the time of the commencement of the action, is a prerequisite to the benefits of the statute. *Federal Corp. v. Schmidt*, 109 Colo. 467, 126 P.2d 1036.

Ginsberg's argument that title was properly quieted against Stanley, based on section 38-41-108, C.R.S. 1973, fails for the same reason. This section requires actual, exclusive, continuous possession of the property in question for seven years as one of the conditions to quieting title. *Radke v. Union Pacific*, 138 Colo. 189, 334 P.2d 1077; *Kountz v. Olson*, 94 Colo. 186, 29 P.2d 627. Absent the required seven years' possession under the facts of this case, this statute could not serve as a valid basis for the district court's decree quieting title in Ginsberg against Stanley.

II.

The 1963 decree quieting title as against the City of Aurora and New England Investment Company was not binding on Stanley. The record shows that Ginsberg, who admittedly was out of possession but who was well aware that Stanley was in possession, failed to join Stanley in that action to determine what interest, if any, Stanley had in the premises. C.R.C.P. 105(b) requires that a party in possession must be joined if the plaintiff seeks to recover actual possession of the subject property. The testimony indicates that Stanley was totally unaware of the 1963 quiet title proceeding and thus could not have intervened to protect its interest in the premises. Whatever effect the 1963 decree may have had as between the parties to that case, it could not be binding upon Stanley, a person in possession whose joinder was required, and Stanley thus was free to collaterally attack the 1963 decree. *See generally Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396. As previously noted herein, Ginsberg was ousted of possession of the premises in 1954 when Stanley removed the fence, paved the property, and used it thereafter as a parking lot, without objection of Ginsberg. The 1963 decree, based as it was upon seven successive years' of payment of taxes and possession under color of title, was void and

of no effect as to Stanley.

## III.

The burden of proof was upon Ginsberg to establish title in order to eject Stanley from the premises. In *Fastenau v. Engle*, 129 Colo. 440, 270 P.2d 1019, this court stated:

"'Where plaintiff is not in possession of the property, a defendant in an action to quiet title may effectually resist a decree against himself by showing simply that the plaintiff is without title, since if the plaintiff has no title he cannot complain that someone else, also without title, asserts an interest in the land.'"

*See also Goodrich v. Union Oil Co.*, 85 Colo. 218, 274 P. 935; *County Comm. v. Blanning*, 29 Colo. App. 61, 479 P.2d 404. Having failed to establish valid title, the judgment of the district court decreeing title in Ginsberg and awarding possession was erroneous.

## IV.

The court of appeals, noting that C.R.C.P. 105 directs a full adjudication of the rights of the parties in the subject property, remanded the case to the district court with directions to enter judgment granting Stanley and its successors, as occupants of New England Heights subdivision, the right to use the subject property as a street under the authority of *Page v. Lane*, 120 Colo. 416, 211 P.2d 549, and *Hunt v. Brewer*, 104 Colo. 375, 91 P.2d 485. In our view, the record contains scanty evidence on the issue of whether the offer of dedication of Dallas Street was ever accepted by the public. *Litvak v. Sunderland*, 143 Colo. 347, 353 P.2d 381. If a record should be made supporting such acceptance, the use of the subject property would inure to the benefit of all of the public. This determination should initially be made by the trial court before it determines whether Stanley is entitled to an easement, as the court of appeals held. It is therefore necessary that the cause be remanded for an additional evidentiary hearing in order that the rights of both Stanley and Ginsberg in the use of the property may be determined.

Accordingly, we affirm the judgment of the court of appeals insofar as it reversed the district court's judgment for Ginsberg. We reverse the court of appeals' judgment insofar as it directs entry of judgment for Stanley. The cause is remanded to the court of appeals with directions to remand to the district court for a hearing consonant with the views here expressed.

MR. CHIEF JUSTICE PRINGLE does not participate.