Walter TUTTLE, Amos A. Sanchez, Norman Smith, Leo Wadsack and John F. Conger, Plaintiffs-Appellants,

v.

The COUNTY COMMISSIONERS OF GRAND COUNTY, State of Colorado, State Land Board of Land Commissioners and any unknown persons who claim interest in this action, Defendants-Appellees.

No. 79CA0732.

Colorado Court of Appeals, Div. I.

May 29, 1980.

William W. Morris, P. C., Commerce City, George L. Zoellner, Aurora, for plaintiffs-appellants.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Asst. Atty. Gen., Janet M. Clouse, Asst. Atty. Gen., Denver, for defendant-appellee Board of Land Commissioners.

Richard P. Doucette, Hot Sulphur Springs, for defendant-appellee Board of County Commissioners.

SMITH, Judge.

Plaintiffs appeal the summary judgment entered quieting title to a road in the state board of land commissioners (the board). We affirm.

In 1920, the board recorded a plat of the "State Columbine Subdivision" which divided a parcel of land into lots bordered by a thirty foot road. The land in question was "section 36" property which had been granted by the United States to the state of Colorado in trust, for support of the state school system.

In 1945, several of the lots in the State Columbine Subdivision were conveyed by patent to one Paul Eckelman. The road in question abutted much of this property.

In 1947, Eckelman filed a plat known as the Range View Subdivision which vacated the 1920 subdivision plat. On both plats the road in question is depicted as "30′ Road." The Range View Plat contains a dedication and grant "to the public, of the perpetual use of streets or roadway, as shown on said map." There is no such dedication, however, on the 1920 subdivision plat, which was filed by the State Land Board, nor do the patents issued to Eckelman make any mention of a road. The road has never been improved or used as a public road.

Plaintiffs assert that the board has the authority to dedicate land to be used as a public highway, and thus, by showing this roadway on its original plat, has done so. We disagree.

Colo.Const. art. IX, Sec. 10, states in pertinent part:

"It shall be the duty of the state board of land commissioners to provide for the location, protection, sale or other disposition of all the lands heretofore, or which may hereafter be granted to the state by the general government, under such regulations as may be prescribed by law; and in such manner as will secure the maximum possible amount therefor. No law shall ever be passed by the general assembly granting any privileges to persons who may have settled upon any such public lands . . . by which the amount to be derived by the sale, or other disposition of such lands, shall be diminished, directly or indirectly. . . ."

Were the board deemed to have the power to offer land for dedication, such land could be taken by adverse possession upon the failure by the governmental body to whom the offer was made to accept the dedication. *Board of County Commissioners v. Warneke*, 85 Colo. 388, 276 P. 671 (1929). Adverse possession, however, would grant privileges to persons who had settled upon the public land and would thereby preclude the board from selling or otherwise disposing of the property in a manner which would secure the maximum possible amount for that property. Therefore, if the board had the power to dedicate roadways in the manner claimed, the above quoted constitutional provision would be violated. This is not permissible.

Plaintiffs assert that *Colorado v. Franc*, 165 Colo. 69, 437 P.2d 48 (1968), is dispositive of this matter and mandates a contrary result. We disagree.

The facts in the case at bar are distinguishable from the facts in *Franc*. In *Franc*, the court quieted title in parties who had been in possession of the disputed land for more than twenty years, and had paid taxes to the county and the state for more than seven years under color of title. *Franc*, however, involved a right-of-way conveyed by deed, which was conditional on grantees using the underlying land for a specific purpose. The court determined that once the grantee of the right-of-way

failed to use the land for the specified purpose, the board was required to follow the procedures specified in C.R.S. 1963, §§ 112–3–34 and 112–3–37, (statutes similar to §§ 36–1–133 and 136, C.R.S. 1973) before the land could revert to the state. Because those statutory provisions were not followed, the court held in *Franc, supra*, that the land could be taken by adverse possession.

In the case at bar, no right-of-way has ever been granted pursuant to § 36–1–136, C.R.S. 1973, or similar predecessor statutes. Rather, plaintiffs assert that the underlying transaction involved an offer of dedication. Because, however, a dedication is not statutorily sanctioned, as is a grant of right-of-way under § 36–1–136, C.R.S. 1973, and, because an offer of dedication which is not accepted could lead to adverse possession, a result which is constitutionally prohibited, we conclude that the trial court did not err in quieting title in the board.

We have considered other assertions of error raised by plaintiffs, and we find them to be without merit.

The judgment is affirmed.

COYTE and KELLY, JJ., concur.