John **KRISS, individually and as Personal Representative of the Estate of Stella Kriss, Deceased, Plaintiff–Appellant,**

v.

**MINERAL RIGHTS, INC., a Colorado corporation; Jack D. Larsen; Cross Timbers Oil Company, a Delaware corporation; Frances E. Rader; Charles F. Doornbos, individually and as Trustee of the Charles F. Doornbos Revocable Trust; Coleman Morton; Louis Taubman, individually and as Trustee of the Louis Taubman Trust; Daniel Kaplan, individually and as Trustee of the Maurine Taubman Trust; Daniel Kaplan, individually and as Trustee of the Laurence Nathan Taubman Trust; Mark F. Harison; Patricia Harison; Vern C. Jones; Southport Exploration, Inc.; Otto G. Seal; Medallion Petroleum, Inc., an Oklahoma corporation; Exok, Inc., an Oklahoma corporation; Albert L. Thalman; Ruby G. Thalman; and Kathleen Carroll and Mary Ellen Wigge, individually and as Co-personal Representatives of the Estate of Paul Martin, Deceased, Defendants–Appellees.**

No. 94CA1958.

Colorado Court of Appeals,
Div. III.

Jan. 25, 1996.

George E. Reeves, Denver, for Plaintiff–Appellant.

Pharo & Penkowsky, P.C., Milam Randolph Pharo, Denver, for Defendant–Appellee Mineral Rights, Inc.

Gary W. Davis, Eads, for Defendants–Appellees Jack D. Larsen and Frances E. Rader.

Poulson, Odell & Peterson, LLC, Randall M. Case, Denver, for Defendant–Appellee Cross Timbers Oil Company.

Gorsuch Kirgis L.L.C., Stephen M Brainerd, Denver, for Defendant–Appellee Charles F. Doornbos.

Richard H. Bate, Denver, for Defendants–Appellees Coleman Morton; Louis Taubman, individually and as Trustee of the Louis Taubman Trust; Daniel Kaplan, individually and as Trustee of the Maurine Taubman Trust; Daniel Kaplan, individually and as Trustee of the Laurence Nathan Taubman Trust; Mark F. Harison; Patricia Harison; Vern C. Jones; Southport Exploration, Inc.; Otto G. Seal; Medallion Petroleum, Inc., an Oklahoma corporation; Exok, Inc., an Okla-

homa corporation; Albert L. Thalman; and Ruby G. Thalman.

No Appearance for Defendants–Appellants Kathleen Carroll and Mary Ellen Wigge, individually and as Co-personal Representatives of the Estate of Paul Martin.

Opinion by Judge BRIGGS.

Plaintiff, John Kriss, individually and as personal representative of the estate of Stella Kriss, appeals the judgment of the trial court quieting title in defendants to an interest in the mineral estate of property otherwise owned by plaintiff. Defendants, various corporations, individuals, trustees, and personal representatives, hold record title to the portion of the mineral estate in question. Plaintiff contends that, because of his possession of the surface estate for over seven years under color of title to both the surface and mineral estates, the trial court erred in not quieting title to the balance of the mineral estate in him pursuant to §§ 38–41–106 and 38–41–111(1), C.R.S. (1982 Repl.Vol. 16A). We affirm.

The parties stipulated to the relevant parts of the chain of title. In 1919, the property was wholly owned by Frank M. Smith. He conveyed the surface estate to Catharine J. McEwen but reserved to himself all of the oil, coal, and other minerals. In 1929, McEwen deeded the land to Aaron Anderson, "excepting reservations contained in former grants." Anderson then used the property as security for a loan from John G. Sawyer. The deed of trust "except[ed] reservations contained in former grants."

Anderson failed to make the required payments on the debt, and in 1933 Sawyer filed a complaint in county court to foreclose on the property. The complaint described the property but failed to include any reference to the reservation of minerals.

The County Court of Cheyenne County issued a foreclosure decree, ordering that the sheriff sell the property. The land was again described without reference to the mineral reservation. A sheriff's deed was issued to Sawyer and A.P. Tone Wilson, and the deed was recorded. The sheriff's deed likewise did not reference the prior mineral reservation.

Plaintiff, as the successor in interest to the purchasers at foreclosure, claims title to the balance of the mineral estate through this sheriff's deed. Plaintiff has been in possession of the surface estate since 1947.

Defendants claim their interests in the balance of the mineral estate through conveyances and leases which trace back to a 1929 quitclaim deed from Frank M. Smith to D.H. Zuck. That deed conveyed the mineral estate which had been reserved by Smith when he conveyed the surface estate to McEwen in 1919.

The trial court granted defendants' joint motion for summary judgment. It determined that, because the county court lacked subject matter jurisdiction, the sheriff's deed was void and could not provide a basis for claiming title. The court rejected plaintiff's contention that, because the sheriff's deed resulted in color of title to both the surface and mineral estates, his possession of the surface estate for over seven years was sufficient to establish legal title to both under §§ 38–41–106 and 38–41–111(1). Accordingly, it concluded that plaintiff had failed to establish the requisite possession of the mineral estate, separate from the surface estate.

■ Plaintiff concedes on appeal that the county court lacked subject matter jurisdiction and that the sheriff's deed is therefore void. He nevertheless contends that the trial court should have quieted title in him to the entire mineral estate because the sheriff's deed, together with the unrecorded foreclosure decree, created color of title to all of the property, thus "merging" the surface and mineral estates, so that his possession since 1947 of the surface estate also constitutes possession of the mineral estate for purposes of §§ 38–41–106 and 38–41–111(1). We are not persuaded.

Section 38–41–106 provides, in pertinent part, that any action brought for the recovery of lands which any person may claim by virtue of "actual residence, occupancy or possession" for seven successive years having a connected title in law or equity, deducible of record, from any sheriff authorized to sell the land on execution, shall be brought within seven years after possession has been taken. Section 38–41–111(1) provides, in pertinent

part, that no action shall be maintained against a person in possession of real property to attack the validity of any deed executed by a sheriff when that document is the source of, or in aid of or in explanation of, the title or chain of title or right of the party in possession if the document has been recorded and has remained of record in the office of the county clerk where the real property is situated for a period of seven years.

As the trial court correctly noted, each of these statutes protects only those who are in actual possession of the property. *See Ginsberg v. Stanley Aviation Corp.*, 193 Colo. 454, 457, 568 P.2d 35, 38 (1977) ("Actual possession, at least at the time of the commencement of the action, is a prerequisite to the benefits of [§ 38–41–111(1) ]."); *Poage v. E.H. Rollins & Sons*, 24 Colo.App. 537, 135 P. 990 (1913) (predecessor statute of § 38–41–106 required person using that statute as defense to show possession by actual residence upon land for seven years).

Possession of the surface estate does not constitute possession of the mineral estate when the mineral and surface estates of a property have been severed. In order to possess a severed mineral estate adversely against the owner, one must take actual physical possession of the minerals under the surface or so exclude the owner that he or she cannot enter upon the land to drill for oil or gas. *Calvat v. Juhan*, 119 Colo. 561, 206 P.2d 600 (1949).

The supreme court in *Calvat* held that color of title to a mineral estate does not merge with legal title to the surface estate. Hence, possession with title of the surface estate is not constructive possession without title of the mineral estate.

Plaintiff seeks to distinguish the supreme court's holding in *Calvat* because the party claiming merger in that case already held legal title to the surface estate, resulting in the asserted merger with the color of title to the mineral estate taking place after issuance of the void tax deed. Plaintiff argues that here, in contrast, the judicial decree entered before the sheriff's deed was issued and resulted in the simultaneous merger of color of title to the surface estate and the mineral estate, a "unified color of title" or "color of merger."

However, the supreme court in *Calvat* did not premise its holding on the timing of the asserted merger of titles or the nature of the title to the surface estate. Rather, it concluded that the appellant, by his void deed to the mineral estate, had acquired no title that could be merged with title to the surface estate. Thus, the import of the decision is that the "color of title" resulting from a void deed establishes no more than one of the necessary conditions for a successful assertion of adverse possession under §§ 38–41–106 and 38–41–111(1).

Furthermore, under plaintiff's analysis, one who holds a void title to a surface estate would more easily obtain title to the property's mineral estate by adverse possession than one who holds legal title to the surface estate. We perceive no such intention in the statutory scheme.

Plaintiff's suggested distinction is therefore untenable. Even if a void deed purports to convey title to both a previously severed mineral estate and the surface estate, it remains necessary to establish actual adverse possession of the mineral estate separate from any proof of adverse possession of the surface estate. *See Calvat v. Juhan, supra; cf. Gilpin Investment Co. v. Perigo Mines Co.*, 161 Colo. 252, 421 P.2d 477 (1966); *see also White v. Merchants & Planters Bank*, 229 Miss. 35, 90 So.2d 11 (1956).

Here, because the mineral estate had been severed from the surface estate, plaintiff had to establish his actual possession of the mineral estate to succeed in quieting title in himself. Plaintiff failed to allege or present evidence establishing actual possession of the severed mineral estate. Accordingly, the trial court did not err in quieting title to the mineral estate in defendants pursuant to their record title.

Plaintiff concedes that the sheriff's deed was void. We therefore find it unnecessary to address his other contentions.

Judgment affirmed.

JONES and RULAND, JJ., concur.