PER CURIAM.
The appellant, Graham E. Fleming, is a former employee of the appellee, Pan American World Airways, Inc. His employment was terminated on August 16, 1965. Grievances were filed and were finally determined when an arbitrator for the Field Board of Adjustment determined the controversy in favor of the appellee.
On October 2, 1967, Mr. Fleming filed in the circuit court a complaint entitled “complaint for declaratory decree and other relief”. The burden of this complaint was that the appellee Pan American should be directed to provide for Mr. Fleming the benefits of a hospital and surgical benefit policy maintained for employees of Pan American under an employees participating plan.[1]
After an extensive trial the trial judge entered his judgment for the appellee Pan American and entered findings of fact which are in part as follows:
“Plaintiff’s theory is that, since Pan American discharged him because of disability, Pan American should be required to pay him the benefits of permanent total disability provided by his life insurance policy issued by The Travelers.
“Plaintiff’s position throughout the grievance proceedings was that he was fit to work, both mentally and physically. After the award of the Board, he told the Pan American employee who filled out his annuity application forms that he was in good health. He gives no outward appearance of being disabled. By his own testimony, plaintiff has never claimed to Pan American that he was, or is, disabled.
“The mechanics of ‘making proof’ of disability under the terms of plaintiff’s insurance require plaintiff to go to. Pan American’s personnel office, indicate that he wants to apply for permanent total disability benefits, fill out a form sup *476 plied by The Travelers, and submit a statement from his doctor, whereupon Pan American’s duty is to complete certain employment and other data in the form and submit it to The Travelers, which investigates the claim and determines whether it should be allowed.
“Plaintiff has never taken this step. Approximately a year after the Board’s award, plaintiff went to the local office of The Travelers and stated he wanted to collect his life insurance benefits, saying he was retired because Pan American told him he wasn’t able to do the job. The claims man to whom he talked told plaintiff he would have to file his claim through Pan American. Plaintiff reported this, to his attorney, but did not contact Pan American about it.
“Plaintiff contends that he attempted to get disability claim forms from Pan American and was refused them. The evidence relied on in this regard is unconvincing. Pan American’s evidence to the contrary is credible. Additionally, over a period of more than a year and a half following the award of the system adjustment board, neither plaintiff nor either of his attorneys wrote a letter about plaintiff being refused disability claim forms, or indicating that plaintiff desired to claim insurance disability benefits, to either Pan American or The Travelers, although during this time and as late as April, 1967 letters were written seeking to obtain the paid up policy and continued medical insurance of a retired .employee. The Court is convinced, and so finds, that whatever plaintiff may have said to Pan American, he failed to convey the idea that he desired to make a claim for insurance disability benefits, and that Pan American has not refused forms therefor to plaintiff.
“The evidence fails to establish facts that impose any obligation, either contractual or tortious, on Pan American to pay the disability benefits of plaintiff’s life insurance issued by The Travelers.
“Upon all of the evidence the Court finds that plaintiff is not a retired, but is a discharged, former employee of Pan American, and that he is receiving all of the benefits to which he is entitled from Pan American. The Court further finds that plaintiff is not entitled to recover the disability benefits of his life insurance policy from Pan American.”
On this appeal the appellant presents a single point as follows: “Is Fleming entitled to insurance benefits as a retired employee and if so, how much?” Under this point appellant argues that he should be entitled to the insurance benefits because “everything indicated Fleming was a retired employee.” It is pointed out there is in evidence as a part of the recommendation of the arbitrator a statement by the arbitrator:
“ I * * * feel certain that the Company will want to renew its offer of early retirement in light of the conclusion I reach here; Grievant only refused the offer to press this case. Now that the case is over he will probably wish to accept the offer.”
It is also urged that the evidence substantiates appellee’s position that Pan American willfully frustrated appellant’s claim to total and permanent disability under the policy.
Appellant’s argument in effect asks this court to retry the case in which the trial judge has made full and explicit findings of fact against the appellant. Upon our determination that there is evidence in the record to support the factual conclusions of the trial judge, we will not re-evaluate the evidence in support of these conclusions. See the principle of appellate review stated in Board of County Commissioners of Highlands County v. F. A. Sebring Realty Company, Fla.1953, 63 So.2d 256, 258.
Affirmed.

. Appellant’s prayer for relief in his complaint was as follows:
“ (1) That the Court judicially ascertain and determine the rights of the parties, and more particularly of this Plaintiff, under the terms of the agreement (s) and the contract (s) referred to herein, and that upon an ascertation or determination, that this Court direct the Defendant, Pan American World Airways, Inc. to comply with the terms and provisions of the policies and/or the contract between the Union and the Defendant, Pan American World Airways, Inc.
“(2) That the Defendant, Pan American World Airways, Inc. be required to notify, in writing, The Travelers Insurance Company of the retirement of the Plaintiff because of permanent total disability, and if and where necessary, cause to be reinstated the policies of insurance as provided under the agreement (s) and/or in the alternative, to provide the equivalent thereof, together with damages for the wilfullness of the Defendant, Pan American World Airways, Inc. for its failure to comply with the agreement (s).
“(3) That this Court grant such other and further relief unto this Plaintiff as it may deem just and equitable.”