RYDER, Judge.
Schuyler and Selma Crowell (Crowells), plaintiffs below in a trespass action, appeal from a final summary judgment order rendered in favor of Florida Power Corporation (FPC). We reverse and remand.
In their amended complaint, the Crowells alleged FPC committed a trespass upon their property when FPC’s agents came onto their property and “radically” and “improperly” trimmed two of their trees situated near the utility’s power lines. It was further alleged that as a direct and proximate result of FPC’s trespass, one of the trees fell onto their house and caused the Crowells to incur damages in excess of $5,000.00.
FPC filed its answer in which it set forth the following affirmative defenses: (1) the Crowells either expressly or impliedly consented to the trespass; (2) FPC, as a matter of law, was a licensee or an invitee upon the property for purposes of trimming branches encroaching upon the power lines; (3) the Crowells had no property rights in the branches extending beyond their property; *959 and (4) the Crowells’ damages were caused either wholly or in part by their own negligence.
Subsequently, FPC moved for a summary judgment on the grounds that no genuine issues of material fact existed with respect to the first and second affirmative defenses. After a hearing on the motion, the trial court ruled that the Crowells knowingly consented to FPC’s conduct with respect to its trimming the trees and that “such consent is a defense as a matter of law to a cause of action in trespass.” The trial court then entered an order granting summary judgment in favor of FPC.
On appeal, the Crowells contend there are genuine issues of material fact regarding whether they in fact consented to the trespass, and, even if they did consent, whether FPC’s agents exceeded the boundaries of that alleged consent.
First, the record is clear that the Crowells did not expressly consent to the particular action taken by FPC’s agents. Furthermore, upon reviewing the pleadings and depositions in a light most favorable to the nonmoving party, we hold that, assuming arguendo FPC had implied consent to act, a genuine issue of material fact exists as to whether FPC’s agents violated the boundaries of that consent by trimming the Crowells’ trees in the manner alleged. See Holl v. Talcott, 191 So.2d 40 (Fla.1966); Cf. Sacco v. Eagle Finance Corporation of North Miami Beach, 234 So.2d 406 (Fla. 3d DCA 1970) (the trial court erred in directing verdict where evidence revealed the existence of a jury question as to whether the “boundaries of consent were overreached by any unreasonable conduct of [defendant’s] agent”). Although consent or license is generally a defense to an action in trespass, Prior v. White, 132 Fla. 1, 180 So. 347 (1938), consent or license implied from custom, usage, or conduct is “necessarily limited, however, to those acts that are within a fair and reasonable interpretation of the terms of the grant.” Boston Manufacturers’ Mutual Insurance Co. v. Fornalski, 234 So.2d 386 (Fla. 4th DCA), cert. denied, 238 So.2d 476 (Fla.1970). Accord, Sacco; Quest v. Barnett Bank of Pensacola, 397 So.2d 1020 (Fla. 1st DCA 1981). See generally 32 FlaJur. Trespass § 9.
Accordingly, we reverse the final summary judgment order because a genuine issue of material fact exists as to whether FPC exceeded the grant of any implied consent or license.
REVERSED and REMANDED for proceedings consistent herewith.
OTT, C.J., and DANAHY, J., concur.